prado 




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00376-CV







Ex Parte: Leonard Chavez Prado, Relator









HABEAS CORPUS PROCEEDING FROM TRAVIS COUNTY







 Leonard Chavez Prado brought this original habeas corpus proceeding after the
district court held him in contempt and committed him to jail for failure to comply with a
turnover order issued pursuant to section 31.002 of the Texas Civil Practice and Remedies
Code (West 1986 & Supp. 1995) ("Turnover Statute"). We conclude that the trial court's
turnover order exceeds the bounds of both the statute and the Texas Constitution and order
Prado discharged.



BACKGROUND


 Robert D. Benson successfully sued Prado for fraud and won an agreed
judgment of $18,860. The record gives few details concerning the initial dispute, but does
establish that Prado is not a sympathetic debtor. He is a self-employed ticket "scalper,"
buying and selling tickets to sporting and entertainment events. He works out of his house
and deals exclusively in cash. There is some question as to whether he files tax returns, and
for the purpose of this opinion, he could be considered the classic "judgment-proof" debtor.

 Prado failed to pay the agreed judgment, and Benson sought a turnover order
which the trial court granted after a hearing in which Prado represented himself. The trial
court ordered Prado to turn over to the clerk of the court monthly payments of $500 until the
judgment was satisfied. This underlying turnover order identifies no specific property or
property rights, but instead simply orders Prado to pay $500 each month on his judgment debt.

 Prado never made a payment. In response, Benson sought to enforce the
turnover order by filing a motion for contempt. At the contempt hearing, Prado, now
represented by counsel, filed extensive defensive pleadings, but chose not to testify or put on
any evidence. The trial court held Prado in contempt and committed him to jail until he paid
$2000, which represented the payments he missed under the turnover order. Prado has been
released from custody on bail, but still argues that he is illegally restrained for purposes of the
issuance of the writ of habeas corpus.



DISCUSSION

 The Texas Turnover Statute allows a creditor to seek aid from a court of
appropriate jurisdiction through injunction or other means to reach nonexempt property (including
present or future rights to such property) owned by a judgment debtor, when the property cannot
readily be attached or levied on by ordinary legal process. Tex. Civ. Prac. & Rem. Code
§ 31.002(a) (West 1986). The court may order the judgment debtor to turn over nonexempt
property in the debtor's possession or subject to the debtor's control to a designated sheriff or
constable for execution. Id. § 31.002(b)(1). The court may also appoint a receiver with the
authority to take possession of the nonexempt property, sell it, and pay the proceeds to the
judgment creditor to the extent required to satisfy the judgment. Id. § 31.002(b)(3).

 Texas courts have grappled for some time with the reach of the turnover statute,
the correct use of this remedy, and the types of property subject to its terms. Of course, current
wages are clearly exempt under the Texas Constitution and the statute. Tex. Const. art. I, § 10;
Caulley v. Caulley, 806 S.W.2d 795, 798 (Tex. 1991). Problems have arisen, however, in
determining just what constitutes current wages.

 The Fourteenth Court of Appeals has faced a series of cases involving claims
against lawyers and has repeatedly held that an attorney's accounts receivable are not exempt as
current wages and that lawyers could thus be ordered to turn over portions of monies due them
from their accounts receivable in satisfaction of a turnover order. See, e.g., Jacobs v. Adams,
874 S.W.2d 166, 168 (Tex. App--Houston [14th Dist.] 1994, no writ); Brink v. Ayre, 855 S.W.2d
44, 45 (Tex. App.--Houston [14th Dist.] 1993, no writ); Ross v. 3D Tower Ltd., 824 S.W.2d 270,
272 (Tex. App.--Houston [14th Dist.] 1992, writ denied). Another court of appeals has held that
when the payment of wages is deferred until a later date, they constitute current wages for the
years they were actually received and thus are exempt from a turnover order. Sloan v. Douglass,
713 S.W.2d 436, 440 (Tex. App.--Fort Worth, 1986, writ ref'd n.r.e.).

 Both Prado and Benson spend some time discussing whether a scalper's earnings
from future sales of tickets are more akin to current wages (and thus exempt) or an attorney's
accounts receivables (and thus not exempt under the Houston cases). However, we do not believe
that the distinction, if any, is important to our resolution of this dispute.

 In this case, Prado agreed to a judgment he ultimately could not or would not pay. 
Benson apparently exhausted every attempt to locate nonexempt property against which to levy
to satisfy this judgment. At that point, Benson had a number of weapons in his arsenal to use in
his attempt to collect his debt, but he had no right to put Prado in jail. We recognize that, in
applying property to satisfy a judgment under the Turnover Statute, it is permissible for the trial
court to order a sum of money to be paid monthly into the court's registry. Ross, 824 S.W.2d
at 273. However, by ordering Prado to turn over $500 each month without identifying what
specific nonexempt property or rights thereto that he possessed or controlled which would enable
him to comply with the order, the trial court effectively handed Benson the additional weapon of
putting Prado in jail. 

 Prado was forced to choose between work and jail: he was to go to work, earn at
least $500 per month, and then turn over the money for the benefit of a judgment creditor or face
imprisonment. We believe that the imposition of such a choice is beyond the power of the statute.



 CONCLUSION


 Because the record shows Prado had no existing nonexempt property or the future
rights to any such nonexempt property, we hold that the turnover order at issue here fails on two
grounds: First, it is an attempt to collect a judgment from property that does not yet exist and
might well be exempt from a turnover order if it did exist; and next, this order by its terms results
in an unconstitutional imprisonment for debt, effectively violating Article I, Section 18 of the
Texas Constitution. We order Prado discharged and need not address his remaining arguments.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Jones and B. A. Smith


Relator Ordered Discharged


Filed: November 22, 1995


Publish