In the Matter of the ESTATES OF Lucinda GARCIA–CHAPA and Irma Garcia–Chapa, Deceased.

No. 13–99–400–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 16, 2000.

Edmundo O. Ramirez, Luis M. Cardenas, Ellis, Koeneke & Ramirez, McAllen, for Appellant.

John Williamson, Brownsville, for Appellee.

Before Justices HINOJOSA, CHAVEZ and RODRIGUEZ.

**OPINION**

Opinion by Justice CHAVEZ.

This case comes out of the administration of two estates that hold funds in thirty-one accounts in eight banks in and around Brownsville, Texas. The contested property was owned by two sisters who died in Mexico. Appellant Magdalena García–Chapa de Rosas complains on appeal (1) that the trial court should have applied the law of the domicile of the decedents or (2) that the trial court should have abated the appeal until the courts of the domicile of the decedents decided the issues in controversy in parallel litigation over the same property. The appellee in this case is María de la Luz Carlota García Tyner, administratrix of the estates of Lucinda García–Chapa and Irma García–Chapa. Because appellant did not follow the proper procedural requirements to apply foreign law, we affirm the judgment of the trial court.

This case has been in Texas courts since 1997 and in Mexican courts for a similar amount of time. On August 27, 1998 the case first went to trial in Texas and the trial court signed a judgment declaring heirship. On November 2, 1998 the trial court granted appellant's motion for new trial. On January 15, 1999 appellant filed a motion to abate the trial and a motion to provide notice of foreign law. On January 20, 1999 the trial court set the case for trial on February 11, 1999. The case went to trial again on February 11, 1999.

The laws of the domicile of a person who dies intestate control in the succession of movable or personal property of his estate. *Van Hoose v. Moore,* 441 S.W.2d 597, 617 (Tex.Civ.App.—Amarillo 1969, pet. ref. n.r.e.); *Saner Ragley Lumber Co. v. Spivey,* 238 S.W. 912, 915 (Tex. Comm'n App.1930, judgm't adopted); *see Owen v.. Younger,* 242 S.W.2d 895, 898 (Tex.Civ.App.—Amarillo 1951, no writ) ("It is now the well settled doctrine that the law of the actual domicile is to govern in relation to his testament of personal property, whether the property is situated within the domicile of the testator or in a foreign country."); *cf. Lanius v.. Fletcher,* 100 Tex. 550, 101 S.W. 1076, 1077 (1907) (the principle that the law of the testator's domicile governs the disposition of personal property does not apply where it is clear that the testator of a will had in mind the law of another jurisdiction, in which the property was located) Here the decedents were domiciled in Mexico and died intestate.

Texas courts may apply Mexican law. *Gardner v. Best Western Int'l. Inc.,* 929 S.W.2d 474, 479 (Tex.App.—Texarkana 1996, writ. denied); *see Nevarez v. Bailon,* 287 S.W.2d 521, 522–23 (Tex.Civ.App.—El Paso 1956, writ ref'd) (application of Mexican law to determine heirship). Choice of law questions are questions of law to be decided by the trial court. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 420 (Tex.1984).

■ The *lex loci delicti*[1] and other traditional rules applying the law of the location of the property in question have been rejected in favor of the "most significant relationship" approach set forth in the Restatement (Second) of Conflict of Laws. *Gutierrez v. Collins,* 583 S.W.2d 312, 316–18 (Tex.1979); *see* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 (1971). Section 6 of the Restatement, provides the following principles:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

*Id.* at 318–19.

■ Here, the decedents are Mexican nationals who resided in Mexico their entire lives, died in Mexico, and, aside from the funds before the trial court, only owned property in Mexico. Due to the large amount of Mexican and other foreign capital in Texas banks, it is important for us to maintain a stable system to resolve disputes over such assets. Texas courts should not interrupt foreign disputes over foreign capital which is located in Texas. *See Albuquerque Nat'l. Bank v. Citizens Nat'l Bank in Abilene,* 212 F.2d 943, 948–49 (5th Cir.1954). The funds in question are the only connection between the decedents and Texas. Since the factors listed in the Restatement support the application of Mexican law to this controversy, this is therefore a case where substantive Mexican law should be applied.

■ However, Mexican law cannot be applied to this case because appellants did not follow the procedures required by Texas law. The Texas Rules of Evidence state,

A party who intends to raise an issue concerning the law of a foreign country shall give notice in the pleadings or other reasonable written notice, and at least 30 days prior to the date of trial such party shall furnish all parties copies of any written materials or sources that the party intends to use as proof of the foreign law.

TEX.R.EVID. 203. If a translation of the foreign law is necessary, the translation must be served on all parties forty-five days before trial. TEX.R.EVID. 1009. The Texas Rules of Civil Procedure require a trial court to give "reasonable notice" of the trial date in a case reset after the first setting of a trial and at least forty-five days notice before a first setting of a trial. TEX.R.CIV.P. 245.

■ Appellant provided notice of intent to apply Mexican law and a translation of the Mexican law seven days before the trial court set the case for the second trial. The trial court set the trial date twenty-two days before the second trial. Under the circumstances, twenty-two day's notice, although it provided appellant less than the statutorily required period necessary to provide notice of intent to apply foreign law or a translation of foreign law, was nonetheless reasonable. Appellant could have introduced the foreign law before the first time this case went to trial in August of 1998, and had additional time after the

---

1. Law of the place where last event necessary to make actor liable for an offense took place.

BLACK'S LAW DICTIONARY 911 (6th ed.1990).

court's November 2 grant of appellant's motion for new trial and the date the case was set for trial. There is no record that appellant ever presented the foreign law to the trial court until twenty-nine days before the *second* trial. In light of the months appellants had to prepare their case, the twenty-two day period is not unreasonable. *See O'Connell v. O'Connell*, 843 S.W.2d 212, 216–17 (Tex.App.—Fort Worth 1992, no writ) (notice of resetting of case eight days before trial was reasonable where parties had initially been scheduled to go to trial more than one month earlier and when cause of action had been set for trial in each of the court's three previous terms).

Appellant argues that after the trial judge granted his motion for new trial on November 2, he did not set the case for trial because he was soon leaving office. Appellant therefore argues that he expected time to produce the foreign law at the new trial setting. Given the extensive length of time appellant had to introduce the foreign law before the first trial and before the next hearing, we do not agree that the trial court abused its discretion.

■ Appellee argues that appellant has not proven that Mexican Law is different from Texas law. Appellant stipulated that the substantive law of Mexico and the law of Texas are substantially the same, but also argued at trial that the interpretation of the law is very different in Mexico. In the absence of a pleading or proof of law from another jurisdiction or a motion to take judicial notice of the laws of another jurisdiction, laws of other jurisdictions are presumed to be the same as those of Texas. *See Gevinson v. Manhattan Const. Co. of Oklahoma*, 449 S.W.2d 458, 465 n. 2 (Tex.1969); *see Ochoa v. Evans*, 498 S.W.2d 380, 387 (Tex.Civ.App.—El Paso 1973, no writ) (Mexican law of the tort of conversion is assumed to be the same as Texas law absent proof to the contrary). Appellant has provided no such pleading or motion. As discussed above, appellant did not timely provide proof of Mexican law to the court. Therefore the trial court did not err by applying Texas law.

■ Lastly, we address the trial court's decision not to abate this case. The Clerk's Record contains copies of the Mexican proceedings and translations of the Mexican proceedings in parallel litigation to this case. Abatement of a lawsuit due to the pendency of a prior suit is based on the principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988). It is unclear how much time will pass before the Mexican proceedings conclude or what effects an abated trial would have on the parties before the court or to the orderly control of the court's docket. We review the court's decision not to abate the case for an abuse of discretion. *Id.* at 248; *Taiwan Shrimp Farm Village Ass'n v. U.S.A. Shrimp Farm Dev. Inc.*, 915 S.W.2d 61, 68 (Tex.App.—Corpus Christi 1996, writ denied). We see no abuse of discretion.

We AFFIRM the judgment of the trial court.