NUMBER 13-03-046-CV
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG


 

ROGER GERDES, JR. AND CAROLYN GERDES,                   Appellants,

v.

JOHN KENNAMER AND MORA KENNAMER,                           Appellees.




On appeal from the 23rd District Court
of Matagorda County, Texas.




OPINION
Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo

         Appellants Roger Gerdes ("Gerdes") and Carolyn Gerdes (collectively, the
"Gerdeses") appeal the terms of a turnover order issued pursuant to section 31.002
of the civil practice and remedies code


 as well as the trial court's finding of Gerdes'
noncompliance with two earlier turnover orders. In seven issues, the Gerdeses
challenge the trial court's exercise of discretion: (1) in ordering the Gerdeses to sign
and turn over "nonexistent documents"; (2) in determining that the judgment creditors,
appellees John Kennamer ("Kennamer") and Mora Kennamer (collectively, the
"Kennamers"), established that the property could not be attached readily or levied on
by ordinary legal process; (3) in ordering the Gerdeses to execute documents that
violate the articles of incorporation of a Mexican entity owned by the Gerdeses; (4) in
ordering the Gerdeses to execute and turn over documents that appoint Kennamer as
their agent; (5) in ordering Carolyn Gerdes, a non-debtor third party, to execute and
turn over documents; (6) in adjudicating the Gerdeses' substantive property rights
during the turnover proceeding; and (7) in finding that Gerdes failed to comply with the
first two turnover orders. We affirm. 
I. FACTS AND PROCEDURAL HISTORY
         Gerdes is a judgment debtor of Kennamer. Pursuant to section 31.002 of the
civil practice and remedies code, the trial court issued three turnover orders to assist
Kennamer in collecting the judgment. Tex. Civ. Prac. & Rem. Code Ann. § 31.002
(Vernon 1997). On evidence that the Gerdeses each own fifty per cent of a Mexican
entity called Inmobiliaria Don Rogelio ("Don Rogelio"), the trial court issued orders that
would effect a turnover of their interest in Don Rogelio. Don Rogelio is valuable
because it holds title to a large plot of land in Mexico and represents Kennamer's only
avenue to collect on a $915,392.65 judgment against Gerdes. On October 14, 2002,
on Kennamer's motion, the trial court signed the first turnover order, requiring Gerdes
to turn over to the Matagorda County Sheriff's Department within seven days, "the
original stock certificates or any other physical evidence of ownership for all of the
shares of stock of (a) Inmobiliaria Don Rogelio S. de RL. de C.V., (b) Hacienda de Aves
Inc., and (c) Hacienda de Aves S.A. de C.V. so the same may be sold under
execution." 
         Gerdes produced no documents. On October 28, 2002, the trial court ordered
Gerdes to appear on December 2, 2002 to "show cause why he should not be held
in contempt for violation of this Court's Turnover Order of October 14, 2002." After
the trial court ordered the show-cause hearing but before the hearing took place,
Gerdes turned over a stock certificate for 500 shares of Hacienda de Aves, Inc. He
turned over nothing else. At the show-cause hearing, Gerdes argued that he complied
with the order to the best of his ability in that he turned over everything he had.
Gerdes claimed that no stock certificates were ever issued for the Don Rogelio stock
and, therefore, he could not turn over any stock certificates. The trial judge, after
commenting that he did not think he could hold Gerdes in contempt, stated that the
first turnover order was a "continuing order and it applies – it's not excused." The
trial judge then suggested that the Kennamers' counsel "do some more digging to see
what these – who owns these assets." The trial court expressly declined to issue a
contempt ruling and recessed the hearing. 
         On the same day, the trial court signed the second turnover order, requiring
Gerdes to "turn over . . . any original evidence of ownership of property in the name
of Inmobiliaria Don Rogelio S. de R.L. de C.V., including but not limited to [a specific
plot of land] so the same may be sold under execution." The trial court then recessed
the hearing until January 8, 2003. 
         When the hearing reconvened, the Kennamers' counsel presented seven
documents which, if executed by the Gerdeses, would effect the issuance of the Don
Rogelio stock Gerdes claimed was never issued. Also, the documents would authorize
the transfer of that stock to the sheriff's office and then to the final purchaser. Over
Gerdes's objection that he could not force his wife to sign the documents, the trial
court issued a third turnover order requiring Gerdes to deliver originals of the seven
documents, executed by both him and his wife, to the Sheriff's office. The order also
states "Roger Gerdes, Jr. has failed to comply with the Court's Turnover Order dated
October 14, 2002, and the Second Turnover Order dated December 2, 2002." The
trial court recessed the hearing until February 4, 2003, when Gerdes was "to appear
and show compliance with this order." 
         Gerdes appeals the third turnover order, arguing that it is beyond the scope of
the turnover statute. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon 1997). 
Also, Gerdes argues that the trial court erred in finding that he failed to comply with
the first two turnover orders. At the time of this appeal, the trial court had not found
Gerdes in contempt.  
II. STANDARD OF REVIEW
         Issuance of a turnover order is a statutory remedy grounded in equity. See Ex
parte Johnson, 654 S.W.2d 415, 417 (Tex. 1983) (orig. proceeding). We review a
trial court's decisions when sitting as a court of equity under an abuse-of-discretion
standard. See Welder v. Green, 985 S.W.2d 170, 180 (Tex. App.–Corpus
Christi 1998, pet. denied) ("Matters of equity are addressed to the trial court's
discretion."); see also Thomas v. McNair, 882 S.W.2d 870, 881 (Tex.
App.–Corpus Christi 1994, no writ) (finding no abuse of discretion in trial court's order
of sale and partition). Accordingly, we review a trial court's decision to issue a
turnover order under the abuse-of-discretion standard. Beaumont Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991). In matters of equity, we find abuse of discretion
only if the trial court ruled arbitrarily, unreasonably, or without regard to guiding legal
principles. Id.; Welder, 985 S.W.2d at 180. A trial court abuses its discretion in
determining the legal principles that control its ruling if the court clearly fails to analyze
or apply the law correctly. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding). We may not reverse a turnover order for abuse of discretion merely
because we disagree with the trial court's decision, if that decision was within the trial
court's discretionary authority. Buller, 806 S.W.2d at 226.  

III. ANALYSIS
A. Execution by Carolyn Gerdes
         In their fifth issue, the Gerdeses assert that the trial court abused its discretion
in issuing the third turnover order (the "Order") by compelling Carolyn Gerdes, a non-debtor third-party, to execute and turn over documents. The Order states "[i]t is
accordingly ordered that Roger Gerdes, Jr. shall, on or before 14 days from the date
of this order deliver to the Matagorda County Sheriff's office, Department 2323
Ave. E, Bay City, Texas 77414, originals of the ownership and transfer documents,
executed by Roger Gerdes, Jr. and Carolyn Gerdes." The trial court ordered Gerdes
to turn over interest in Don Rogelio by delivering executed originals of the documents. 
         A trial court has the authority to order the turnover of property "subject to the
debtor's control." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(1) (Vernon 1997). 
We take judicial notice of the record in cause number 13-03-657-CV, styled "Roger
Gerdes, Jr. and Carolyn Gerdes v. John Kennamer," 2004 Tex. App. LEXIS ____,
at *___ (Tex. App.–Corpus Christi November ___, 2004, no pet. h.), which is an
appeal of the underlying judgment. See In re Estate of York, 934 S.W.2d 848, 851
(Tex. App.–Corpus Christi 1996, writ denied) (holding that appellate court may take
judicial notice of its own files involving the same subject matter between the same
parties). Evidence introduced during the trial that resulted in the underlying judgment
here showed that the Gerdeses also each owned fifty per cent of Hacienda de Aves,
the Texas corporation whose 500 shares Gerdes turned over.


 Gerdes presented no
evidence in response to the turnover order that Carolyn Gerdes's interest in Don
Rogelio was not subject to his control. Nor did he tender the documents with his
signature only. Accordingly, on these facts we find that the trial court's order that
Gerdes deliver originals of documents executed by both himself and his wife to effect
a turnover of ownership in Don Rogelio is not beyond the scope of the turnover
statute. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(1) (Vernon 1997). We
hold that the trial court did not abuse its discretion in issuing a turnover order that
required Gerdes to turn over documents signed by both himself and Carolyn Gerdes. 
See Buller, 806 S.W.2d at 226. We overrule the Gerdeses' fifth issue. 
B. Nonexistent Documents
         In their first issue, the Gerdeses contend the trial court abused its discretion by
ordering them to sign and turn over nonexistent documents. They argue that the
Order orders them to turn over "nonexistent documents that were simply made up by
the Appellee." They also argue that forcing them to sign the documents is beyond the
scope of the trial court's power under the turnover statute. 
         The evidence before the trial court is undisputed that Roger and Carolyn Gerdes
are the sole owners of Don Rogelio, each owning fifty per cent of the company. 
Contrary to the Gerdeses' assertions, the documents, and the property interest that
the documents will effectively convey, exist. The documents comprise seven pages
of the appellate record, were in evidence during the hearing, and are included as an
appendix in the Gerdeses' own brief. The Gerdeses' argument suggests the relevancy
of a line of authority in which trial courts were reversed for ordering debtors to turn
over property in spite of a record establishing that the debtors did not possess and had
no means of obtaining the property subject to the turnover order. See e.g., Ex parte
Prado, 911 S.W.2d 849, 850 (Tex. App.–Austin 1995, orig. proceeding). Stated
differently, the records established that the debtors did not possess the keys to their
own cells. See id. The Prado court explicitly stated that the turnover order there
failed "[b]ecause the record shows Prado had no existing nonexempt property or the
future rights to any such nonexempt property." Id. Here, however, the evidence
establishes the Gerdeses' ownership interest in Don Rogelio. Gerdes must simply sign
the documents, obtain his wife's signature, and deliver the documents to the Sheriff's
office. Nothing in the record suggests that Gerdes is unable to comply with the
turnover order. 
         Further, while the turnover statute does not specifically provide that a trial court
can compel a judgment debtor to execute documents, the statute does not limit the
trial court's powers to ordering only the turnover of property and documents. Burns
v. Miller, Hiersche, Martens & Hayward, P.C., 948 S.W.2d 317, 328 (Tex.
App.–Dallas 1997, writ denied). Rather, the statute provides that a judgment creditor
is entitled to aid from a court through injunction "or other means" to reach the
debtor's property. Id. (citing Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon
1986)). A trial court has authority to compel a debtor to execute documents that will
aid in collecting a judgment debt. Burns, 948 S.W.2d at 328. Accordingly, we hold
that the trial court acted in conformity with guiding legal principles and did not abuse
its discretion by ordering Gerdes to execute documents effecting a turnover of the
Gerdeses' interests in Don Rogelio. See Buller, 806 S.W.2d at 226. We overrule the
Gerdeses' first issue. 
C. Inadequacy of Ordinary Legal Process
         In their second issue, the Gerdeses contend that the Kennamers failed to
establish that the property subject to the trial court's turnover order could not be
attached readily or levied on by ordinary legal process. We agree that the turnover
statute requires the judgment creditor to show that the property could not be attached
readily or levied on by ordinary legal process. Tex. Civ. Prac. & Rem. Code
Ann. § 31.002 (Vernon 1997). However, when a creditor presents evidence that
corporate stock is held in the hands of third parties out of the state, the evidence is
sufficient to support a finding that the stock could not be attached readily. Childre v.
Great Southwest Life Ins. Co., 700 S.W.2d 284, 288 (Tex. App.–Dallas 1985, no
writ). We hold that the Kennamers established that the Gerdeses' interest in Don
Rogelio, a Mexican entity, could not be attached readily or levied on by ordinary legal
process. See id. We overrule the Gerdeses' second issue. 
D. Corporate Formalities
         In their third issue, the Gerdeses claim that the trial court abused its discretion
in ordering them to execute documents that violate Don Rogelio's articles of
incorporation. The Gerdeses contend that Don Rogelio's articles of incorporation
require that all meetings take place at the corporate domicile, arguing that the turnover
over requires them to either travel to Mexico to sign the documents or violate Don
Rogelio's articles of incorporation. 
         It is unclear from the record whether Don Rogelio is a partnership, corporation,
or some other business organization under Mexican law. We assume without deciding
that the Gerdeses are correct in asserting that Don Rogelio is a corporation. In the
absence of a pleading or proof of law from another jurisdiction or a motion to take
judicial notice of the laws of another jurisdiction, laws of other jurisdictions are
presumed to be the same as those of Texas. See Tex. R. Evid. 203; see also Gevinson
v. Manhattan Const. Co. of Ok., 449 S.W.2d 458, 465 n.2 (Tex. 1969); In re Estates
of Garcia-Chapa, 33 S.W.3d 859, 863 (Tex. App.–Corpus Christi 2000, no pet.);
Ochoa v. Evans, 498 S.W.2d 380, 387 (Tex. Civ. App.–El Paso 1973, no writ)
(assuming Mexican law of tort of conversion is same as Texas law absent proof to
contrary). The Gerdeses submitted no pleading or proof of any Mexican laws or expert
testimony applying Mexican law to interpret the documents at issue. Nor does the
record reflect that the trial court took judicial notice of Mexican law. See Tex. R.
Evid. 203. Accordingly, we apply Texas law and rules of interpretation. See
Gevinson, 449 S.W.2d at 465 n.2; see also Garcia-Chapa, 33 S.W.3d at 863; Ochoa,
498 S.W.2d at 387. 
         Article 9.10(A)(1) of the Texas Business Corporations Act provides: 
Any action required by this Act to be taken at any annual or special
meeting of shareholders, or any action which may be taken at any annual
or special meeting of shareholders, may be taken without a meeting,
without prior notice, and without a vote, if a consent or consents in
writing, setting forth the action so taken, shall have been signed by the
holder or holders of all the shares entitled to vote with respect to the
action that is the subject of the consent.
Tex. Bus. Corp. Act Ann. art. 9.10(A)(1) (Vernon 1997). Further, article 9.10(D)
provides:
If action is taken with respect to a particular matter by the holders of
shares of a class or series by means of a written consent in compliance
with Section A of this Article, any provision of this Act that requires
advance notice of a meeting or of the proposed action will not apply as
to that class or series for such action.
Tex. Bus. Corp. Act Ann. art. 9.10(D) (Vernon 1997). The record is clear that
together, Roger and Carolyn Gerdes own all of the shares of Don Rogelio. The
documents that the trial court ordered Roger Gerdes to turn over are specific corporate
resolutions that effect a transfer of the Gerdeses' interests in Don Rogelio. 
Accordingly, "consents in writing, setting forth the action so taken" will be "signed by
the holder or holders of all the shares," making article 9.10 directly applicable and
dispensing with the requirement of a meeting in Don Rogelio's domicile. See id.
Further, the "action so taken" need not be taken in a formal manner. See Amarillo Oil
Co. v. Mapco, Inc., 99 F.R.D. 602, 606 (D. Tex. 1983) (holding article 9.10(D)
satisfied when chair, without taking vote, stated "[w]e have re-elected the same
officers" and secretary prepared minutes and had consents executed). Accordingly,
applying Texas law, we hold that the Order does not require the Gerdeses to violate
Don Rogelio's articles of incorporation. We overrule the Gerdeses' third issue. 
E. Appointment of Agent to Effect Transfer of Ownership
         In their fourth issue, the Gerdeses assert that the trial court abused its discretion
by ordering them to execute and turn over documents that appoint Kennamer as their
agent. They argue that the trial court's order provides that "the property could be
turned over to Kennamer, instead of the sheriff." In their brief, the Gerdeses do not
identify by citation to the record in which document the appointment they challenge
appears. We note that one of the documents contains the following language: 
[T]he members by unanimous vote [a]ppoint John Kennamer and [blank]
so that in the name and representation of [Don Rogelio], either one of
them appear before a public notary of their choice to formalize the
resolutions adopted herein, sign the proper document and obtain the
proper papers to, by themselves or through a third party, register those
resolutions in the proper Public Registry of Commerce.
         Again, the Gerdeses did not provide to the trial court any evidence of relevant
Mexican law or any interpretation of this language under Mexican law, nor does the
record reflect that the trial court took judicial notice of Mexican law. See Tex. R.
Evid. 203. The plain language of this provision does not allow for the transfer of title
to the real property at issue directly to Kennamer. We overrule the Gerdeses' fourth
issue. 

F. Adjudication of Substantive Property Rights
         In their sixth issue, the Gerdeses complain that the trial court abused its
discretion by adjudicating their substantive property rights in a turnover proceeding by
determining that their interest in Don Rogelio is community property. They argue that
the turnover statute is purely procedural in nature and does not provide for the
determination of the substantive rights of the parties. See Cravens, Dargan & Co. v.
Peyton L. Travers Co., 770 S.W.2d 573, 576 (Tex. App.–Houston [1st Dist.] 1989,
writ denied). 
         "To preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds for the
desired ruling, if they are not apparent from the context of the request, objection, or
motion." Southwest Country Enter., Inc. v. Lucky Lady Oil Co., 991 S.W.2d 490,
495 (Tex. App.–Fort Worth 1999, pet. denied) (citing Tex. R. App. P. 33.1(a)). Failure
to do so waives the complaint. Southwest Country, 991 S.W.2d at 195 (citing
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g)). The record does
not show that the Gerdeses made any request, objection, or motion relating to the trial
court's community-property finding. Accordingly, we hold that the Gerdeses waived
this issue in the trial court and cannot now present it for appellate review. See Tex.
R. App. P. 33.1. We overrule the Gerdeses' sixth issue. 
G. Noncompliance Finding
         In their seventh issue, the Gerdeses contend that the trial court erred in finding
that Gerdes failed to comply with the first two turnover orders. At the time the
Gerdeses initiated this appeal, the trial court had not found Gerdes in contempt of the
first two orders. After initiating this appeal, and after the trial court found him in
contempt, Roger Gerdes filed a petition for writ of habeas corpus with this Court and
a writ of mandamus and petition for writ of habeas corpus with the Texas Supreme
Court. Those proceedings appropriately addressed the compliance issue.


 We hold
that the validity of the trial court's finding of noncompliance with the first two
turnover orders is not properly before this Court in this appeal. We decline to address
the Gerdeses' seventh issue. 
IV. CONCLUSION
         We have overruled six of the Gerdeses's issues and declined to address the
seventh in this proceeding. We AFFIRM the trial court's turnover order. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Dissenting opinion by J. Yañez.
Concurring opinion by J. Hinojosa.

Opinion delivered and filed
this 6th day of December, 2004.