Roger GERDES, Jr. and Carolyn Gerdes, Appellants,

v.

John KENNAMER and Mora Kennamer, Appellees.

No. 13–03–046–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 6, 2004.

Rehearing En Banc Overruled Feb. 3, 2005.

Cynthia T. Sheppard, Cuero, Robert P. Houston, Linda C. Reese, Houston Marek & Griffin, Victoria, for appellants.

Murray Fogler, McDade Fogler Maines, L.L.P., Houston, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellants Roger Gerdes ("Gerdes") and Carolyn Gerdes (collectively, the "Gerdeses") appeal the terms of a turnover order issued pursuant to section 31.002 of the civil practice and remedies code [1] as well as the trial court's finding of

---

1. Section 31.002 provides:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
(1) cannot readily be attached or levied on by ordinary legal process; and
(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

Gerdes' noncompliance with two earlier turnover orders. In seven issues, the Gerdeses challenge the trial court's exercise of discretion: (1) in ordering the Gerdeses to sign and turn over "nonexistent documents"; (2) in determining that the judgment creditors, appellees John Kennamer ("Kennamer") and Mora Kennamer (collectively, the "Kennamers"), established that the property could not be attached readily or levied on by ordinary legal process; (3) in ordering the Gerdeses to execute documents that violate the articles of incorporation of a Mexican entity owned by the Gerdeses; (4) in ordering the Gerdeses to execute and turn over documents that appoint Kennamer as their agent; (5) in ordering Carolyn Gerdes, a non-debtor third party, to execute and turn over documents; (6) in adjudicating the Gerdeses' substantive property rights during the turnover proceeding; and (7) in finding that Gerdes failed to comply with the first two turnover orders. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Gerdes is a judgment debtor of Kennamer. Pursuant to section 31.002 of the civil practice and remedies code, the trial court issued three turnover orders to assist Kennamer in collecting the judgment. Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (Vernon 1997). On evidence that the Gerdeses each own fifty per cent of a Mexican entity called Inmobiliaria Don Rogelio ("Don Rogelio"), the trial court issued orders that would effect a turnover of their interest in Don Rogelio. Don Rogelio is valuable because it holds title to a large plot of land in Mexico and represents Kennamer's only avenue to collect on a $915,392.65 judgment against Gerdes. On October 14, 2002, on Kennamer's motion, the trial court signed the first turnover order, requiring Gerdes to turn over to the Matagorda County Sheriff's Department within seven days, "the original stock certificates or any other physical evidence of ownership for all of the shares of stock of (a) Inmobiliaria Don Rogelio S. de RL. de C.V., (b) Hacienda de Aves Inc., and (c) Hacienda de Aves S.A. de C.V. so the same may be sold under execution."

Gerdes produced no documents. On October 28, 2002, the trial court ordered Gerdes to appear on December 2, 2002 to "show cause why he should not be held in contempt for violation of this Court's Turnover Order of October 14, 2002." After the trial court ordered the show-cause

(b) The court may:
 (1) order the judgment debtor to turn over the nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;
 (2) otherwise apply the property to the satisfaction of the judgment; or
 (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.
(c) The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d) The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.
(e) The judgment creditor is entitled to recover reasonable costs, including attorney's fees.
(f) A court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute, including Section 42.0021, Property Code. This subsection does not apply to the enforcement of a child support obligation or a judgment for past due child support.
Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (Vernon 1997).

hearing but before the hearing took place, Gerdes turned over a stock certificate for 500 shares of Hacienda de Aves, Inc. He turned over nothing else. At the show-cause hearing, Gerdes argued that he complied with the order to the best of his ability in that he turned over everything he had. Gerdes claimed that no stock certificates were ever issued for the Don Rogelio stock and, therefore, he could not turn over any stock certificates. The trial judge, after commenting that he did not think he could hold Gerdes in contempt, stated that the first turnover order was a "continuing order and it applies—it's not excused." The trial judge then suggested that the Kennamers' counsel "do some more digging to see what these—who owns these assets." The trial court expressly declined to issue a contempt ruling and recessed the hearing.

On the same day, the trial court signed the second turnover order, requiring Gerdes to "turn over ... any original evidence of ownership of property in the name of Inmobiliaria Don Rogelio S. de R.L. de C.V., including but not limited to [a specific plot of land] so the same may be sold under execution." The trial court then recessed the hearing until January 8, 2003.

When the hearing reconvened, the Kennamers' counsel presented seven documents which, if executed by the Gerdeses, would effect the issuance of the Don Rogelio stock Gerdes claimed was never issued. Also, the documents would authorize the transfer of that stock to the sheriff's office and then to the final purchaser. Over Gerdes's objection that he could not force his wife to sign the documents, the trial court issued a third turnover order requiring Gerdes to deliver originals of the seven documents, executed by both him and his wife, to the Sheriff's office. The order also states "Roger Gerdes, Jr. has failed to

comply with the Court's Turnover Order dated October 14, 2002, and the Second Turnover Order dated December 2, 2002." The trial court recessed the hearing until February 4, 2003, when Gerdes was "to appear and show compliance with this order."

Gerdes appeals the third turnover order, arguing that it is beyond the scope of the turnover statute. See TEX. CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1997). Also, Gerdes argues that the trial court erred in finding that he failed to comply with the first two turnover orders. At the time of this appeal, the trial court had not found Gerdes in contempt.

## II. STANDARD OF REVIEW

Issuance of a turnover order is a statutory remedy grounded in equity. See Ex parte Johnson, 654 S.W.2d 415, 417 (Tex.1983) (orig.proceeding). We review a trial court's decisions when sitting as a court of equity under an abuse-of-discretion standard. See Welder v. Green, 985 S.W.2d 170, 180 (Tex.App.—Corpus Christi 1998, pet. denied) ("Matters of equity are addressed to the trial court's discretion."); see also Thomas v. McNair, 882 S.W.2d 870, 881 (Tex.App.—Corpus Christi 1994, no writ) (finding no abuse of discretion in trial court's order of sale and partition). Accordingly, we review a trial court's decision to issue a turnover order under the abuse-of-discretion standard. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.1991). In matters of equity, we find abuse of discretion only if the trial court ruled arbitrarily, unreasonably, or without regard to guiding legal principles. Id.; Welder, 985 S.W.2d at 180. A trial court abuses its discretion in determining the legal principles that control its ruling if the court clearly fails to analyze or apply the law correctly. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.

1992) (orig.proceeding). We may not reverse a turnover order for abuse of discretion merely because we disagree with the trial court's decision, if that decision was within the trial court's discretionary authority. *Buller*, 806 S.W.2d at 226.

## III. ANALYSIS

### A. Execution by Carolyn Gerdes

 In their fifth issue, the Gerdeses assert that the trial court abused its discretion in issuing the third turnover order (the "Order") by compelling Carolyn Gerdes, a non-debtor third-party, to execute and turn over documents. The Order states "[i]t is accordingly ordered that Roger Gerdes, Jr. shall, on or before 14 days from the date of this order deliver to the Matagorda County Sheriff's office, Department 2323 Ave. E, Bay City, Texas 77414, originals of the ownership and transfer documents, executed by Roger Gerdes, Jr. and Carolyn Gerdes." The trial court ordered Gerdes to turn over interest in Don Rogelio by delivering executed originals of the documents.

A trial court has the authority to order the turnover of property "subject to the debtor's control." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(1) (Vernon 1997). We take judicial notice of the record in cause number 13–02–657–CV, styled *"Roger Gerdes, Jr. and Carolyn Gerdes v. John Kennamer,"* 155 S.W.3d 523, 2004 WL 2786078 (Tex.App.—Corpus Christi 2004, no pet. h.), which is an appeal of the underlying judgment. *See In re Estate of York*, 934 S.W.2d 848, 851 (Tex.App.-Corpus Christi 1996, writ denied) (holding that appellate court may take judicial notice of

its own files involving the same subject matter between the same parties). Evidence introduced during the trial that resulted in the underlying judgment here showed that the Gerdeses also each owned fifty per cent of Hacienda de Aves, the Texas corporation whose 500 shares Gerdes turned over.[2] Gerdes presented no evidence in response to the turnover order that Carolyn Gerdes's interest in Don Rogelio was not subject to his control. Nor did he tender the documents with his signature only. Accordingly, on these facts we find that the trial court's order that Gerdes deliver originals of documents executed by both himself and his wife to effect a turnover of ownership in Don Rogelio is not beyond the scope of the turnover statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(b)(1) (Vernon 1997). We hold that the trial court did not abuse its discretion in issuing a turnover order that required Gerdes to turn over documents signed by both himself and Carolyn Gerdes. *See Buller*, 806 S.W.2d at 226. We overrule the Gerdeses' fifth issue.

### B. Nonexistent Documents

 In their first issue, the Gerdeses contend the trial court abused its discretion by ordering them to sign and turn over nonexistent documents. They argue that the Order orders them to turn over "nonexistent documents that were simply made up by the Appellee." They also argue that forcing them to sign the documents is beyond the scope of the trial court's power under the turnover statute.

---

**2.** We also note that interest to the real property at issue passed to Don Rogelio through Gerdes's son. The evidence at trial showed that the son transferred his interest in the real property to Don Rogelio at Gerdes's direction and on his instructions. For a more detailed discussion of how title to the real property passed to Don Rogelio, see our disposition of the Gerdeses' appeal of the underlying judgment in *Gerdes v. Kennamer*, 155 S.W.3d 523 (Tex.App.—Corpus Christi 2004, n.p.h.).

The evidence before the trial court is undisputed that Roger and Carolyn Gerdes are the sole owners of Don Rogelio, each owning fifty per cent of the company. Contrary to the Gerdeses' assertions, the documents, and the property interest that the documents will effectively convey, exist. The documents comprise seven pages of the appellate record, were in evidence during the hearing, and are included as an appendix in the Gerdeses' own brief. The Gerdeses' argument suggests the relevancy of a line of authority in which trial courts were reversed for ordering debtors to turn over property in spite of a record establishing that the debtors did not possess and had no means of obtaining the property subject to the turnover order. *See e.g., Ex parte Prado,* 911 S.W.2d 849, 850 (Tex.App.—Austin 1995, orig. proceeding). Stated differently, the records established that the debtors did not possess the keys to their own cells. *See id.* The *Prado* court explicitly stated that the turnover order there failed "[b]ecause the record shows Prado had no existing nonexempt property or the future rights to any such nonexempt property." *Id.* Here, however, the evidence establishes the Gerdeses' ownership interest in Don Rogelio. Gerdes must simply sign the documents, obtain his wife's signature, and deliver the documents to the Sheriff's office. Nothing in the record suggests that Gerdes is unable to comply with the turnover order.

■ Further, while the turnover statute does not specifically provide that a trial court can compel a judgment debtor to execute documents, the statute does not limit the trial court's powers to ordering only the turnover of property and documents. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 328 (Tex.App.—Dallas 1997, writ denied). Rather, the statute provides that a judgment creditor is entitled to aid from a court through injunction "or other means" to reach the debtor's property. *Id.* (citing TEX. CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986)). A trial court has authority to compel a debtor to execute documents that will aid in collecting a judgment debt. *Burns,* 948 S.W.2d at 328. Accordingly, we hold that the trial court acted in conformity with guiding legal principles and did not abuse its discretion by ordering Gerdes to execute documents effecting a turnover of the Gerdeses' interests in Don Rogelio. *See Buller,* 806 S.W.2d at 226. We overrule the Gerdeses' first issue.

### C. Inadequacy of Ordinary Legal Process

■ In their second issue, the Gerdeses contend that the Kennamers failed to establish that the property subject to the trial court's turnover order could not be attached readily or levied on by ordinary legal process. We agree that the turnover statute requires the judgment creditor to show that the property could not be attached readily or levied on by ordinary legal process. TEX. CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1997). However, when a creditor presents evidence that corporate stock is held in the hands of third parties out of the state, the evidence is sufficient to support a finding that the stock could not be attached readily. *Childre v. Great Southwest Life Ins. Co.,* 700 S.W.2d 284, 288 (Tex.App.—Dallas 1985, no writ). We hold that the Kennamers established that the Gerdeses' interest in Don Rogelio, a Mexican entity, could not be attached readily or levied on by ordinary legal process. *See id.* We overrule the Gerdeses' second issue.

### D. Corporate Formalities

In their third issue, the Gerdeses claim that the trial court abused its discretion in

ordering them to execute documents that violate Don Rogelio's articles of incorporation. The Gerdeses contend that Don Rogelio's articles of incorporation require that all meetings take place at the corporate domicile, arguing that the turnover over requires them to either travel to Mexico to sign the documents or violate Don Rogelio's articles of incorporation.

 It is unclear from the record whether Don Rogelio is a partnership, corporation, or some other business organization under Mexican law. We assume without deciding that the Gerdeses are correct in asserting that Don Rogelio is a corporation. In the absence of a pleading or proof of law from another jurisdiction or a motion to take judicial notice of the laws of another jurisdiction, laws of other jurisdictions are presumed to be the same as those of Texas. *See* TEX.R. EVID. 203; *see also Gevinson v. Manhattan Const. Co. of Ok.*, 449 S.W.2d 458, 465 n. 2 (Tex.1969); *In re Estates of Garcia–Chapa*, 33 S.W.3d 859, 863 (Tex.App.—Corpus Christi 2000, no pet.); *Ochoa v. Evans*, 498 S.W.2d 380, 387 (Tex.Civ.App.—El Paso 1973, no writ) (assuming Mexican law of tort of conversion is same as Texas law absent proof to contrary). The Gerdeses submitted no pleading or proof of any Mexican laws or expert testimony applying Mexican law to interpret the documents at issue. Nor does the record reflect that the trial court took judicial notice of Mexican law. *See* TEX.R. EVID. 203. Accordingly, we apply Texas law and rules of interpretation. *See Gevinson*, 449 S.W.2d at 465 n. 2; *see also Garcia–Chapa*, 33 S.W.3d at 863; *Ochoa*, 498 S.W.2d at 387.

 Article 9.10(A)(1) of the Texas Business Corporations Act provides:

Any action required by this Act to be taken at any annual or special meeting of shareholders, or any action which may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice, and without a vote, if a consent or consents in writing, setting forth the action so taken, shall have been signed by the holder or holders of all the shares entitled to vote with respect to the action that is the subject of the consent.

TEX. BUS. CORP. ACT ANN. art. 9.10(A)(1) (Vernon 1997). Further, article 9.10(D) provides:

If action is taken with respect to a particular matter by the holders of shares of a class or series by means of a written consent in compliance with Section A of this Article, any provision of this Act that requires advance notice of a meeting or of the proposed action will not apply as to that class or series for such action.

TEX. BUS. CORP. ACT ANN. art. 9.10(D) (Vernon 1997). The record is clear that together, Roger and Carolyn Gerdes own all of the shares of Don Rogelio. The documents that the trial court ordered Roger Gerdes to turn over are specific corporate resolutions that effect a transfer of the Gerdeses' interests in Don Rogelio. Accordingly, "consents in writing, setting forth the action so taken" will be "signed by the holder or holders of all the shares," making article 9.10 directly applicable and dispensing with the requirement of a meeting in Don Rogelio's domicile. *See id.* Further, the "action so taken" need not be taken in a formal manner. *See Amarillo Oil Co. v. Mapco, Inc.*, 99 F.R.D. 602, 606 (D.Tex.1983) (holding article 9.10(D) satisfied when chair, without taking vote, stated "[w]e have re-elected the same officers" and secretary prepared minutes and had consents executed). Accordingly, applying Texas law, we hold that the Order does not require the Gerdeses to violate Don Rogelio's articles of incorporation. We overrule the Gerdeses' third issue.

### E. Appointment of Agent to Effect Transfer of Ownership

In their fourth issue, the Gerdeses assert that the trial court abused its discretion by ordering them to execute and turn over documents that appoint Kennamer as their agent. They argue that the trial court's order provides that "the property could be turned over to Kennamer, instead of the sheriff." In their brief, the Gerdeses do not identify by citation to the record in which document the appointment they challenge appears. We note that one of the documents contains the following language:

> [T]he members by unanimous vote [a]ppoint John Kennamer and [blank] so that in the name and representation of [Don Rogelio], either one of them appear before a public notary of their choice to formalize the resolutions adopted herein, sign the proper document and obtain the proper papers to, by themselves or through a third party, register those resolutions in the proper Public Registry of Commerce.

Again, the Gerdeses did not provide to the trial court any evidence of relevant Mexican law or any interpretation of this language under Mexican law, nor does the record reflect that the trial court took judicial notice of Mexican law. *See* Tex.R. Evid. 203. The plain language of this provision does not allow for the transfer of title to the real property at issue directly to Kennamer. We overrule the Gerdeses' fourth issue.

### F. Adjudication of Substantive Property Rights

In their sixth issue, the Gerdeses complain that the trial court abused its discretion by adjudicating their substantive property rights in a turnover proceeding by determining that their interest in Don Rogelio is community property. They argue that the turnover statute is purely procedural in nature and does not provide for the determination of the substantive rights of the parties. *See Cravens, Dargan & Co. v. Peyton L. Travers Co.,* 770 S.W.2d 573, 576 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

"To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion." *Southwest Country Enter., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 495 (Tex.App.—Fort Worth 1999, pet. denied) (citing Tex.R.App. P. 33.1(a)). Failure to do so waives the complaint. *Southwest Country,* 991 S.W.2d at 495 (citing *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g)). The record does not show that the Gerdeses made any request, objection, or motion relating to the trial court's community-property finding. Accordingly, we hold that the Gerdeses waived this issue in the trial court and cannot now present it for appellate review. *See* Tex.R.App. P. 33.1. We overrule the Gerdeses' sixth issue.

### G. Noncompliance Finding

In their seventh issue, the Gerdeses contend that the trial court erred in finding that Gerdes failed to comply with the first two turnover orders. At the time the Gerdeses initiated this appeal, the trial court had not found Gerdes in contempt of the first two orders. After initiating this appeal, and after the trial court found him in contempt, Roger Gerdes filed a petition for writ of habeas corpus with this Court and a writ of mandamus and petition for writ of habeas corpus with the Texas Supreme Court. Those proceedings appro-

priately addressed the compliance issue.[3] We hold that the validity of the trial court's finding of noncompliance with the first two turnover orders is not properly before this Court in this appeal. We decline to address the Gerdeses' seventh issue.

## IV. CONCLUSION

We have overruled six of the Gerdeses's issues and declined to address the seventh in this proceeding. We AFFIRM the trial court's turnover order.

Dissenting opinion by J. YAÑEZ.

Concurring opinion by J. HINOJOSA.

Concurring Opinion by Justice HINOJOSA.

I concur with the disposition and reasoning of Justice Castillo's majority opinion. However, I disagree with Justice Castillo's recommendation that the majority opinion be designated a "memorandum opinion." Because I oppose the designation of the majority opinion as a "memorandum opinion," I also concur with that part of Justice Yaēz's dissenting opinion entitled "Designation of Opinion." *See* TEX.R.APP. P. 47.4 (Opinion may not be designated memorandum opinion if author of concurrence or dissent opposes that designation).

Dissent by Justice CASTILLO.

I believe the opinion and the dissent meet the requirements of a "memorandum opinion" set forth in rule 47.4. Rule 47.4 states, in pertinent part:

An opinion *must* be designated a memorandum opinion unless it does any of the following:

(a) establishes a new rule of law, alters or modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases;

(b) involves issues of constitutional law or other legal issues important to the jurisprudence of Texas;

(c) criticizes existing law; or

(d) resolves an apparent conflict of authority.

TEX.R.APP. P. 47.4. (Emphasis added). The majority opinion and the dissent do not meet any of the criteria. Thus, I would designate the opinion as a "memorandum opinion."

Respectfully, I disagree with the precedent the dissent and concurrence on designation set. They disagree with the designation of "memorandum opinion" because the "issues are not settled." I read the first sentence of rule 47.4 which states, "If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the Court's decision and the basic reasons for it," to apply uniformly to those cases in which we need not reach a decision on the merits. In those cases before us that present issues for review, we then determine whether one of the criteria in the remaining part of rule 47.4 is met. In short, I construe the mandatory language in rule 47.4 to mean that designating our work as an "opinion" is the exception and not the rule.[1]

Dissenting Opinion by Justice YAÑEZ.

Appellants, Roger Gerdes ("Gerdes") and Carolyn Gerdes, appeal a January 8,

---

**3.** See *In re Gerdes,* 117 S.W.3d 795 (Tex. 2003); see also cause number 13–03–584–CV, *In re Gerdes,* Order Denying Application for Writ of Habeas Corpus dated October 7, 2003 (unpublished disposition).

**1.** On November 4, 2004, my rule 47.6 request was denied. TEX. R. APP. P. 47.6. Under rule 47.6, a court en banc may change a panel's designation of an opinion.

2003 turnover order, in which the trial court ordered Gerdes to: (1) execute and turn over documents which would purportedly effect the transfer of all of the stock of Inmobiliaria Don Rogelio de R.L. de C.V., a Mexican corporation; and (2) obtain the signature of his wife, Carolyn, on such documents. The turnover order is in satisfaction of a judgment in Kennamer's favor in appellate cause number 13–02–657, styled *Roger Gerdes, Jr. and Carolyn Gerdes v. John Kennamer and Mora Kennamer*. Because I would reverse the judgment in cause number 13–02–657 for the reasons expressed in my dissenting opinion in that cause, I also dissent from the majority's opinion in this cause, 13–03–046–CV, affirming the trial court's turnover order.

### Designation of Opinion

Texas Rule of Appellate Procedure 47.4 provides as follows:

If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it. An opinion may not be designated a memorandum opinion if the author of a concurrence or dissent opposes that designation. An opinion must be designated a memorandum opinion unless it does any of the following:

(a) establishes a new rule of law, alters or modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases;

(b) involves issues of constitutional law or other legal issues important to the jurisprudence of Texas;

(c) criticizes existing law; or

(d) resolves an apparent conflict of authority.

Tex.R.App. P. 47.4.

Justice Castillo has recommended that the majority opinion be designated a "memorandum opinion." I disagree that the majority opinion should be designated a "memorandum opinion" because the issues in this case are not settled. *See id.* Further, as author of this dissenting opinion, I oppose the designation of the majority opinion as a "memorandum opinion." *See id.* Accordingly, the majority opinion must be designated as an "opinion." *See id.*