NUMBER
13-04-427-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

CAROLYN GERDES,                                                                        Appellant,

                                                             v.

JOHN KENNAMER AND MORA KENNAMER,                               Appellees.

 

 

                     On appeal from the 23rd District
Court

                                      of
Matagorda County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

Appellant, Carolyn Gerdes, contests a turnover order
arising from the enforcement of a judgment against her husband, Roger Gerdes,
Jr.  We affirm the order of the trial
court.








I.  Facts and
Procedural History

Appellee, John Kennamer, obtained a judgment against
Roger and Carolyn Gerdes in the amount of $915,392.65.  The couple appealed, and we affirmed in Gerdes
v. Kennamer, 155 S.W.3d 523, 535 (Tex. App.BCorpus
Christi 2004, pet. filed).  In a turnover
order issued January 8, 2003, Roger Gerdes was required to (1) execute and turn
over documents which would purportedly effect the transfer of all of the stock
in Inmobiliaria Don Rogelio, a Mexican corporation, and (2) obtain the
signature of Carolyn Gerdes on those documents. 
The couple appealed the turnover order, and we affirmed the judgment of
the trial court.  Gerdes v. Kennamer,
155 S.W.3d 541, 550 (Tex. App.BCorpus Christi 2004, no pet.).  

Roger Gerdes refused to comply and was jailed on
September 16, 2003, for contempt. 
Kennamer obtained another turnover order on August 3, 2004, requiring
Carolyn Gerdes to sign the documents transferring the stock in Inmobiliaria Don
Rogelio.  In her pro se appeal, she
claims (1) the trial court exceeded its scope of authority by requiring her to
sign the documents giving up her half ownership of the shares and property in
Mexico, (2) those documents are illegal, (3) the trial court judgment should
have been nullified by the non-suit of Inmobiliaria Don Rogelio, and (4) the
court abused its discretion for personal gain.

II. 
Collateral Estoppel








In her first issue, Carolyn Gerdes claims that the
trial court exceeded its scope of authority by requiring her to sign documents
giving up the property in Mexico.  In her
second issue, she claims the documents she is being forced to sign are illegal
because the stock they purport to transfer was never issued; additionally, such
a transfer would violate Inmobiliaria Don Rogelio=s
articles of incorporation.  

These arguments are identical to the arguments she
and her husband made against the January turnover order.  See Gerdes, 155 S.W.3d at 546-48
(overruling their arguments that the trial court exceeded its scope of
authority by requiring them to sign documents giving up the property, and that
those documents would be illegal because they violate Don Rogelio=s articles of incorporation).  We may take judicial notice of the record in
prior appeals because they involved the same parties and subject matter.  See In re Estate of York, 934 S.W.2d
848, 851 (Tex. App.BCorpus Christi 1996, no writ).  Our previous holdings on those issues
stand.  Kennamer correctly argues that
Carolyn Gerdes is collaterally estopped from relitigating these issues.  See Van Dyke v. Boswell, O=Toole, Davis & Pickering, 697 S.W.2d 381, 384 (Tex. 1985) (AOnce an actually litigated and essential issue is
determined, that issue is conclusive in a subsequent action between the same
parties.@).  Appellant=s first two issues have been litigated and the
results determined; therefore, those issues are collaterally estopped.  See id.

III. 
Sufficiency of the Argument

We evaluate pro se pleadings liberally.  Martin v. State Bd. of Crim. Justice,
60 S.W.3d 226, 228 (Tex. App.BCorpus Christi 2001, no pet.).  Nevertheless, we hold the remaining two
issues are waived for inadequate briefing. 
AThe brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.@  Tex. R. App. P. 38.1(h).

Appellant claims A[a]ny
recourse from the trial court was done away with after the non-suit of
Immobiliaria [sic].@  She gives us
no facts from the record, no legal authority or explanation, and no guidance to
support this claim.  See id.








Appellant also accuses the court of judicial
misconduct:  AThe Court . . . abused its discretion for personal
gain.  Trial Court Exhibit 26 shows
payment from Kennamer of $20,000 to a judge. 
This clearly shows how Mr. Kennamer operates to obtain rulings in his
favor.@  She does not
provide us a copy of that exhibit, identify which judge was the recipient or
under what context the payment was made. 
In sum, it is an unsubstantiated, vague accusation that provides nothing
for us to review.  See id.

Because the remaining claims provide nothing for our
review, we conclude they have been waived. 

IV. 
Conclusion

We affirm the order of the trial court.

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Memorandum
Opinion delivered and filed

this
22nd day of August, 2005.