**Luther BIDDY, Appellant,**

v.

**Leonard M. JONES et al., Appellees.**

**No. 8183.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 13, 1971.

Rehearing Denied Jan. 10, 1972.

Griffith & Brister, Thomas J. Griffith, Lubbock, for appellant.

Richard D. Bird, Childress, W. S. Heatly, Paducah, for appellees.

JOY, Justice.

This is an appeal from a judgment of the District Court refusing to admit to probate the Last Will and Testament of Florence E. Garvin, Testatrix, or to grant letters testamentary to Luther Biddy, the Independent Executor nominated in the will.

Affirmed.

Testatrix executed her Last Will and Testament on April 14, 1967, wherein she

appointed Luther Biddy, appellant, as independent executor, directing "that he sell any real estate that I may own or die seized of and distribute the money equally among the persons above named." Appellees, the five children of Testatrix, were the named devisees in the will. Mrs. Garvin died without having revoked her will on October 27, 1968, and the will was presented to the county court for probate on October 28, 1968. The application for probate was controverted by an application reciting an agreement of the five named children (appellees) not to probate the will. The agreement provided in part that the will not be probated and that "the estate of Florence E. Garvin shall be divided equally between the undersigned (appellees) in keeping with the wishes of Florence E. Garvin, deceased, and the Statutes of Descent & Distribution." The probate court found the will to be valid and the executor to be qualified, but the agreement to avoid probate of the will was honored by both the county court and the district court upon application for certiorari.

Appellant's first two points of error relate to the county and district courts' approval of the agreement of heirs to suppress an admittedly valid will tendered for probate, and the courts' failure to probate the will.

Section 57 of the Texas Probate Code, V.A.T.S. describes the authority to make a will as "the right and power to make a last will and testament," and Section 75 places upon the person having custody of a will the duty to deliver it to the clerk of the court upon notice of the death of the testator. We recognize that the various cases in Texas and in other states support the position that it is the duty of the court to probate a validly executed will when presented to the court. Simmons v. Campbell, 213 S.W. 338 (Tex.Civ.App.—San Antonio 1919, writ dism'd); Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935 (1954); Ray v. Fowler, 144 S.W.2d 665 (Tex.Civ.App.—El Paso 1940, dism'd judgm. cor.). However, it has been held in

Texas that agreements not to probate a will and agreements partitioning the property devised under a will entered into by all the beneficiaries are valid. Stringfellow v. Early, 15 Tex.Civ.App. 597, 40 S.W. 871 (1897, n. w. h.); Fore v. McFadden, 276 S.W. 327 (Tex.Civ.App.—Texarkana 1925, writ dism'd); Robbins v. Simmons' Estate, 252 S.W.2d 970 (Tex.Civ.App.—Galveston 1952, writ ref'd n. r. e.); Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54 (1958).

Appellant contends the agreement to avoid probate of the will was not entered into by all the "interested parties," arguing that an independent executor is such an "interested party" that the law requires him to be a party to the agreement to avoid probate before it can be considered valid. "Interested party" has been defined as one who has some pecuniary interest in the subject matter of the will. Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212 (1947); Earles v. Earles, 428 S.W.2d 104 (Tex.Civ.App.—Amarillo 1968, n. w. h.). It has been held that the independent executor is an "interested party" to contest a will and to offer a will for probate. Logan v. Thomason, supra. However, in Robbins v. Simmons' Estate, supra, the court cites as authority the case of Surratt v. Knight, 162 Md. 14, 158 A. 1 (1932), in which the executor nominated in the will was attempting to have the will probated in the face of an agreement entered into by the legatees named in the will. The agreement was performed but the executor refused to recognize the validity of the assignments and appealed. The court stated:

"... Every one but the executor is satisfied, and no one has united in the appeal. It does not appear from the record that the executor has in any capacity such an interest in the subject-matter as entitles him to appeal, and therefore this appeal must be dismissed. ..."

In the case of First Camden National Bank & Trust Co. v. Hiram Lodge, No. 81, Free

and Accepted Masons (1944), 134 N.J.Eq. 303, 35 A.2d 490, affd. 135 N.J.Eq. 505, 39 A.2d 371, the court said:

> "Do the executors have a standing in this court to enforce the charitable trusts and bring into question the validity of the compromise agreements? The answer is 'No.' "

We are of the opinion that an executor who has no interest in the property devised under a will other than his nomination in the will as executor, does not have a sufficient interest in the estate as to be classified as a "person interested" and therefore, he would not be entitled to probate a will in the face of a valid agreement not to probate a will entered into by all the beneficiaries. Appellant's first two points of error are overruled.

Appellant's third point of error deals with the trial court's application of the doctrine of compromise and settlement to a case in which appellant contends there has never been any disagreement or dispute among the parties concerning the disposition of the property under the will. There is no evidence in the record that the trial court applied the doctrine of compromise and settlement in this case. Even if the doctrine were applied in this case, the giving up of the right to probate a will by each interested party provides sufficient consideration to support such an agreement. See 11 Baylor L.Rev. 126 (1959). Therefore, appellant's third point of error is without merit and is overruled.

Appellant's fourth point of error deals with the courts' refusal to probate a will which disposed of real estate in Texas resulting in a cloud on the title. In view of our holding herein, this point is not material to the disposition of this case and therefore overruled.

Appellant's fifth point, complaining of the courts' failure to appoint him executor, has no merit in view of our holding above.

Affirmed.