MUSE, CURRIE AND KOHEN,
Petitioner,

v.

Millard L. DRAKE, Respondent.

No. B-5736.

Supreme Court of Texas.

March 31, 1976.

Rehearing Denied April 28, 1976.

Currie & Neilon, Ralph W. Currie and William J. Neilon, Jr., Dallas, for petitioner.

True & Zable, Roy J. True, Dallas, for respondent.

PER CURIAM.

This case comes to us from the Probate Court of Dallas County, where Elizabeth Holt, as the administratrix of the estate of Eugene Dixon Duncan, made application for authorization to pay certain expenses incurred by her from funds of the estate. The probate court approved the claim, but the Court of Civil Appeals has reversed. 532 S.W.2d 369. We agree with the result reached by the court below and therefore refuse petitioner's application for writ of error, no reversible error. Because we disagree with certain statements made by the Court of Civil Appeals, we deem it appropriate to express our views more fully.

■ The facts of this case may be found in the opinion of the Court of Civil Appeals, 532 S.W.2d 369. Briefly, petitioner Muse, Currie & Kohen (hereinafter referred to as the law firm) is complaining of the Court of Civil Appeals' denial of its claim against the estate of Eugene Dixon Duncan for expenses incurred by Elizabeth Holt, the administratrix of Duncan's estate, in the trial and appeal of a will contest suit. The law firm represented Holt in her contest of an alleged will of decedent, and it contends that Holt's claim for attorney's fees, and for costs of appeal advanced by Holt in the will contest suit,[1] are proper claims against the estate under Section 242 of the Texas Probate Code.

The point upon which we disagree with the Court of Civil Appeals is its statement that Holt, as administratrix, had a right to appeal the will contest suit in her representative capacity, "as an interested party."[2] 532 S.W.2d at 373. The Probate Code pro-

---

1. See *Holt v. Drake,* 505 S.W.2d 650 (Tex.Civ. App.—Eastland 1973, no writ).

2. The court's statement was made in justification of its denial of the executor's motion to dismiss Holt's appeal in the will contest suit on the ground that Holt had failed to post an

appeal bond. Our disapproval of the court's statement does not necessarily mean that we disagree with the court's refusal to dismiss the prior appeal. The court's ruling in the will contest case is not before us on this appeal, and it may be justifiable on other grounds.

vides that only "interested persons" may contest the probate of a will. Tex.Prob. Code §§ 93, 100 (1956). That term is defined in Section 3(r) of the Code as follows:

"Interested persons" or "persons interested" means heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of a minor or incompetent ward.

In *Logan v. Thomason,* 146 Tex. 37, 202 S.W.2d 212 (1947) at page 215, this Court stated:

In this and other jurisdictions where will contests are limited to "persons interested in the estate of the testator," the term "person interested" has a well-defined but restricted meaning. The interest referred to must be a pecuniary one, held by the party either as an individual or in a representative capacity, which will be affected by the probate or defeat of the will. An interest resting on sentiment or sympathy, or any other basis other than gain or loss of money or its equivalent, is insufficient. Thus the burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will.

See also *Pena y Vidaurri's Estate v. Bruni,* 156 S.W. 315 (Tex.Civ.App.—San Antonio 1913, writ ref'd).

Thus, while one may have occasion to contest a will in a representative capacity, such would be the case only when the person represented has a pecuniary interest in the estate. Holt, as administratrix, represented the estate, not the heirs of the estate; even though a successful contest of the will may result in pecuniary benefit to the heirs, it results in no pecuniary benefit to the estate. There is no reason to believe that the estate would not be preserved and protected just as well by the executor as by the administrator. It is apparent, therefore, that an administrator has no right or duty to contest a purported will of the decedent. To the extent that *Hodge v. Taylor,* 85 S.W.2d 799 (Tex.Civ.App.—Fort Worth 1935, no writ), and *Barney v. Huff,* 326 S.W.2d 617 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.) contain language inconsistent with this opinion, they are hereby disapproved.

In addition to its claim for attorney's fees, the law firm submitted a claim for $771.10 as costs of appeal which it advanced on Holt's behalf in the will contest proceedings. These costs of appeal were taxed against appellee Drake by the Eastland Court of Civil Appeals when it reversed and remanded the case for a new trial. 505 S.W.2d 650. According to the law firm's application, the costs taxed against Drake were paid by him to the estate, rather than to Holt; the law firm contends that it is entitled to reimbursement from the estate for these costs as an expense incurred by the personal representative on behalf of the estate, under Section 242 of the Code. Although the opinion of the Court of Civil Appeals did not discuss the law firm's claim for these costs of appeal, it is clear that these costs were not incurred by Holt as the representative of the estate "in the preservation, safe-keeping, and management of the estate" under Section 242; such costs are therefore not properly recoverable as a claim against the estate under that Section. The Court of Civil Appeals' denial of the claim is in accord with this conclusion, and will therefore not be disturbed.

■ The fact that the expenses advanced by the law firm are not a proper claim against the estate under Section 242 does not mean that Holt, as the winning party in the appeal of the will contest proceedings, is not entitled to reimbursement for costs advanced by her (through her account with the law firm) in that appeal. Since the mandate of the Eastland Court of Civil

Appeals is not before us, we cannot determine whether Drake's payment of $771.10 to the estate satisfies the provisions of the mandate. If costs of the appeal were taxed against the losing party in accordance with TEX.R.CIV.PROC. 448, Holt, as the winning party, should be entitled to reimbursement for these costs regardless of whether she was representing the interests of the estate. Since Holt is not entitled to reimbursement from the estate under Section 242 of the Probate Code for these costs, it is apparent that Drake's payment of costs of appeal to the estate would not benefit Holt. We leave these matters to be sorted out by the parties in accordance with the mandate.

The application for writ of error is refused, no reversible error.