**Guyion Earl TRAVIS, Appellant,**

v.

**Vela ROBERTSON, Independent Executrix of Estate of Helen Blount, Deceased, Appellee.**

**No. 20202.**

Court of Civil Appeals of Texas, Dallas.

March 17, 1980.

Joe D. Gregory, Gregory & Gregory, Dallas, for appellant.

Roger D. Bush, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This appeal concerns the allowance of attorney's fees and court costs out of a decedent's estate for the independent executrix' unsuccessful contest of the probate of a codicil. We hold that the independent executrix, Vela Robertson, is entitled to these fees out of the estate pursuant to Tex.Prob.Code Ann. § 243 (Vernon 1956). Therefore, we affirm the judgment awarding Robertson $2,500.00 attorney's fees and court costs out of the funds of the estate.

Helen Blount left a will naming Robertson and two others devisees of the residue of her estate, and also naming Robertson independent executrix. After Blount's will was admitted to probate, Guyion Earl Travis filed an application to probate a codicil to this will. The codicil gave Blount's house, her belongings in the house, and the money in her only savings account to Travis. Robertson, as independent executrix, resisted the probate of this codicil, asserting that it was invalid because of mistake, duress, fraud, and that decedent was of unsound mind and under undue influence at the time she executed the codicil. The codicil was admitted to probate, but Robertson was granted $2,500 attorney's fees and court costs to be paid out of the estate. Travis appeals only from the grant of these fees out of the estate.

Travis asserts that the award of attorney's fees and court costs was error because Robertson, first, had no standing as independent executrix to contest this codicil, and second, because even if she had standing, she would not be allowed attorney's fees under the probate code. We disagree with both contentions.

Tex.Prob.Code Ann. § 10 (Vernon 1956) provides that "any person interested in an estate" may file opposition to a proceeding. Tex.Prob.Code Ann. § 3(r) (Vernon 1956), defines "persons interested" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered." Thus, an independent executor is not included within section 3(r) as an interested party. Travis argues that although Robertson, in her capacity as devisee, may be an interested party and thus, have standing to contest the will in that capacity, in her capacity as independent executor she is not an interested party and thus, has no standing. Robertson asserts that in her capacity as independent executrix she need not be an interested party because she has standing to contest the codicil under Tex.Prob.Code Ann. § 243 (Vernon 1956), which provides:

When any person designated as executor in a will, or as administrator with the will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

■ Section 243 is clear that as executrix Robertson has standing to defend the will independent of the provisions of Tex.Prob. Code Ann. § 3(r) (Vernon 1956). We hold that the fact that Robertson may also be a person interested as defined by section 3(r) does not deprive her as executrix of the rights conferred by section 243.

Travis cites *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369, 374 (Tex.Civ.App.—Dallas 1975), writ ref'd per curiam, 535 S.W.2d 343, 344 (Tex.1976) for his contention that Robertson did not have standing here. In that case the court held that an administratrix was not an interested party to contest the probate of a foreign will because she had no pecuniary interest in the defeat of the will in her representative capacity. The supreme court did say that the administratrix had no right or duty to contest the probate of the foreign will. This court's opinion, however, had held that section 243 did not apply because "the administratrix was not seeking to have a will admitted to probate nor was she defending a will already admitted," and the supreme court did not disagree with this contention.

**498**

Our next question therefore, is whether Robertson was defending the will in her contest of the codicil. Travis argues that unless the executrix is the proponent of the will and her proceedings are *for the purpose of having the will admitted to probate* that she is not entitled to have her necessary expenses and disbursements, including reasonable attorney's fees, paid out of the estate. Further, he contends that Robertson was clearly trying to defeat the probate of the codicil and her action does not constitute the defense of a will already admitted to probate. We disagree and hold that Robertson was defending the will by contesting the codicil.

 Robertson, as independent executrix of the will, was entitled to protect the disposition in the prior will as against any subsequent will or codicil. After a will is admitted to probate, the executrix does not have to stand by and do nothing but may protect the estate from a subsequent will or codicil which may have been obtained by forgery, fraud, or undue influence, while the testator was of unsound mind, or under any other circumstances which might prevent the subsequent document from being the legally declared final disposition of the testatrix' estate.

 We construe section 243 to embrace this very situation, provided the representative is found by the court to have acted in good faith and with just cause. Travis does not contest the court's finding that this proceeding was in good faith and with just cause. Consequently, since these proceedings were in defense of the will, and the court found they were in good faith and with just cause, Robertson was entitled to attorney's fees and costs out of the estate. *See Salmon v. Salmon*, 395 S.W.2d 29, 33 (Tex.1965). *See also Russell v. Moeling*, 526 S.W.2d 533 (Tex.1975).

Accordingly, we affirm.