**Jean J. CARNEY, Petitioner,**

v.

**Elma AICKLEN, Respondent.**

**No. B–8961.**

Supreme Court of Texas.

May 28, 1980.

Byron Lockhart, Austin, Gittinger & Gittinger, Leonard J. Gittinger, San Antonio, for petitioner.

Robinson, Felts, Meyers, Starnes & Latting, Joseph Latting, Judith Abbott, Austin, for respondent.

ON MOTION FOR REHEARING ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

On March 19, 1980, we refused Jean J. Carney's application for writ of error, no reversible error. Carney has now filed a motion for rehearing complaining of that action.

The court of civil appeals did not err in affirming the judgment of the probate court that appointed Elma Aicklen as guardian of the person and estate of Elma H. Loud. 587 S.W.2d 507. We cannot determine from the record before us the correctness of the lower court's holding that the attorney's fees incurred by Aicklen, which had been approved in an annual account, were proper expenses of the estate. There was no evidence as to the basis for these attorney's fees and no issue was submitted or requested regarding same.

The court of civil appeals relied on *Legler v. Legler*, 189 S.W.2d 505, 510–11 (Tex.Civ. App.—Austin 1945, writ ref'd w. o. m.), in support of its holding that attorney's fees expended by a successful contestant in a guardianship contest are "obviously expended for the benefit of the ward and protection of the estate." However, a contrary result is indicated by *Rowe v. Dyess*, 213 S.W. 234, 236 (Tex.Comm'n App.1919, holding approved). *See also* 31 Am.Jur.2d *Executors and Administrators* § 542, at 241.

Section 242 of the Texas Probate Code authorizes personal representatives to recover only expenses incurred "in the preservation, safekeeping, and management of the estate" and attorney's fees "necessarily incurred in connection with the proceedings

·and management of such estate . . . ."
*See Drake v. Muse, Currie and Kohen,* 532
S.W.2d 369, 374 (Tex.Civ.App.—Dallas
1975), *writ ref'd n. r. e. per curiam,* 535
S.W.2d 343 (Tex.1976).

The motion for rehearing is overruled.