**In the ESTATE OF Charles E. YORK, Deceased.**

No. 13-96-004-CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 7, 1996.

Rehearing Overruled Dec. 5, 1996.

James Stofer, Anderson, Smith, Null, Stofer & Murphree, L.L.P., Victoria, for appellant.

Norman D. Jones, Victoria, for appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Victoria Bank & Trust Co., appellant, challenges the determination that it lacks standing to appear in an heirship proceeding brought by Kristopher Paige Gostecnik, appellee. By two points of error, the bank contends that it is an interested party either as executor of Myrtle York's estate or as trustee of the A.E. and Myrtle Gunn York Charitable Trust. By two cross-points, Gostecnik challenges the legal sufficiency of the evidence to support certain findings of fact filed by the trial court. We reverse and remand.

Charles York died in October 1991. His will provided that all his assets were to be placed into a testamentary trust for the benefit of Myrtle York, his mother and only known kin, during her life. Upon the death of Myrtle York, Charles York's assets were to pass free and clear to Weldon and Kathleen Mallette, who disclaimed all rights to the estate in February 1992.

In March 1995, Gostecnik petitioned for a determination of heirship. He claimed to be Charles York's illegitimate son and sole heir. Myrtle York filed a response to oppose Gostecnik's claims and to reassert her own claims as sole heir of the Charles York estate. In August 1995, Myrtle York died before the conclusion of the heirship proceeding.

Victoria Bank qualified as the executor of Myrtle York's estate and sought to continue pursuit of her claims in the heirship proceedings on behalf of her estate. After conducting a hearing on Gostecnik's motion to strike Myrtle York's pleadings and to dismiss her from the proceeding, the court ruled that the bank was not an interested party. The trial court consequently concluded that Victoria Bank had no standing in the heirship proceeding, struck Myrtle York's pleadings, and dismissed the bank.

Under Myrtle York's will, which was probated in the same court where the heirship proceeding was pending, Victoria Bank was made trustee of the A.E. and Myrtle Gunn York Charitable Trust. This trust was to be funded in part by the remainder interest in Myrtle York's estate, which would potentially include assets that she might inherit from the estate of Charles York. Having been dismissed from the heirship proceeding in its capacity as executor of her estate, the bank sought to pursue Myrtle York's claims in the heirship proceeding on behalf of the trust as trustee. The court again concluded that Victoria Bank had no standing in the heirship proceeding because it was not an interested party.

The bank appeals from the trial court's ruling that it has no standing as executor of Myrtle York's estate or as trustee of the A.E. and Myrtle Gunn York Charitable Trust. Gostecnik bring two cross-points challenging the findings of fact underlying the court's ruling.

By its first point of error, Victoria Bank contends that it may contest Gostecnik's heirship claims because the executor of Myrtle York's estate is an "interested person" under the Probate Code. TEX. PROB.CODE ANN. § 3(r) (Vernon Supp.1996) (interested persons are "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered"). In order to show standing to file its opposition in the heirship proceeding, the bank must establish that it may assert such an interest. *Id.* § 10 (Vernon 1980).

The issue here is whether the estate of Myrtle York includes a property interest in the estate of Charles York and, if so, whether the executor of her estate has standing to assert that right.

The Mallettes validly disclaimed their interest in the corpus of the testamentary trust created to benefit Myrtle York during her lifetime. *See* TEX. PROB.CODE ANN. § 37A (Vernon Supp.1996); TEX. PROP.CODE ANN. § 112.010 (Vernon 1995). The effect of this disclaimer is that the bequest to the Mallettes will pass as if they had predeceased the transfer. *See* TEX. PROB.CODE ANN. § 37A; TEX. PROP.CODE ANN. § 112.010(d). Accordingly, at Myrtle York's death, her life interest in the testamentary trust ended, and

the remaining *res* became a portion of Charles York's estate. Because his will contained no residuary clause, once the trust terminated, his property passed to his heirs by intestacy.

The parties dispute the effect of the Probate Code's provision for the immediate vesting of the estate. *See* TEX. PROB.CODE ANN. § 37. The bank contends that the estate vested with Myrtle York on Charles York's death because heirship is "determined at the time of the decedent's death," when she was still the only known heir. However, the determination of the heirs at law is the purpose of the heirship proceeding. The determination of heirship is not made "at" the decedent's death but "as of" the date and time of death. *Sellers v. Powers,* 426 S.W.2d 533, 537 (Tex.1968).

■■■ Because Charles York's heirs must be determined as of the time of his death, Myrtle York lived to see her interest in the probate of her son's will. She was an interested person in Charles York's estate with standing to contest Gostecnik's heirship claims. The trial court reached this same conclusion of law, which is uncontested. It is irrelevant whether Myrtle York's interest was "real or prospective, absolute or contingent." *Muse, Currie & Kohen v. Drake,* 535 S.W.2d 343, 344 (Tex.1976) (quoting *Logan v. Thomason,* 146 Tex. 37, 202 S.W.2d 212, 215 (1947)). Moreover, "an heir's expectancy may be a proper subject of contract or conveyance." *Rivers v. Rivers,* 346 S.W.2d 376, 378 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.). Accordingly, Myrtle York could have devised her interest at the time of her death. *See* TEX. PROB.CODE ANN. § 58(a) (Vernon Supp.1996). In light of this determination, we hold that Myrtle York's interest in Charles York's estate and heirship proceeding did not expire with her death and that her estate includes a property interest in the estate of Charles York.

■■■ The next question is whether the executor of Myrtle York's estate is the proper party to assert her claims in the heirship proceeding. Neither party has cited any authority directly addressing whether an executor of one estate may assert that estate's interest in another estate, and we have found none. We note, however, the supreme court has not foreclosed the possibility that an executor or some other representative may be an interested person under certain circumstances. *Muse, Currie & Kohen,* 535 S.W.2d at 344; *Logan,* 202 S.W.2d at 215. In *Muse, Currie & Kohen,* the supreme court noted that

> while one may have occasion to contest a will in a representative capacity, such would be the case only when the person represented has a pecuniary interest in the estate.

*Muse, Currie & Kohen,* 535 S.W.2d at 344. The *Muse, Currie & Kohen* court concluded that the administrator was not an interested person because the estate could not be benefit from her contest. *Id.* In our case, however, Myrtle York's estate may be augmented or diminished by the outcome of Gostecnik's heirship proceeding. Because Myrtle York's estate could benefit from such a contest, we hold that Victoria Bank as executor of Myrtle York's estate has standing to contest Gostecnik's claims in the proceeding to declare heirship.

We distinguish the caselaw Gostecnik has cited to support his contention that executors are not interested persons under the Probate Code. *E.g., Muse, Currie & Kohen, supra; Cunningham v. Fox,* 879 S.W.2d 210 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *Travis v. Robertson,* 597 S.W.2d 496 (Tex.Civ.App.—Dallas 1980, no writ); *Biddy v. Jones,* 475 S.W.2d 321 (Tex.Civ.App.— Amarillo 1971, writ ref'd n.r.e.). In each of these cases, the administrator or executor of a will sought to contest proceedings related to that same will. *Muse, Currie & Kohen,* 535 S.W.2d at 343–44; *Cunningham,* 879 S.W.2d at 211–12; *Travis,* 597 S.W.2d at 497; *Biddy,* 475 S.W.2d at 322. The bank could not contest Charles York's will if the bank was acting in its capacity as executor of Charles York's estate.

However, Victoria Bank does not seek to contest Gostecnik's claims in its capacity as executor of Charles York's estate. Rather, the bank seeks to intervene in the heirship proceeding in Charles York's estate as executor of Myrtle York's estate.

Victoria Bank's capacity as executor of Charles York's estate differs from its capacity as executor of Myrtle York's estate. Charles York's estate does not stand to gain or lose anything by Gostecnik's heirship proceeding; the disposition of the estate's assets may be affected, but the gross assets will be unaffected. In contrast, Myrtle York's estate will be affected by the outcome of Gostecnik's heirship proceeding. The issue before us is not resolved by the cases Gostecnik has cited. We sustain Victoria Bank's first point of error.

By two cross-points, Gostecnik asserts the legal insufficiency of the evidence supporting the following findings of fact:[1]

- Upon the death of Charles E. York, a reversionary or remainder interest in his estate vested immediately in Myrtle York, the only know heir at law of Charles E. York at his death.
- Myrtle York left a Last Will and Testament which has been entered into probate in this court on August 31, 1995.
- The Victoria Bank and Trust Company has qualified as the Executor of the Estate of Myrtle York.
- Under the terms of the Last Will and Testament of Myrtle York, her estate was placed into a trust entitled the A.E. and Myrtle Gunn York Charitable Trust.
- Under the terms of the Last Will and Testament of Myrtle York, the Victoria Bank & Trust Company is the Trustee of the A.E. and Myrtle Gunn York Charitable Trust.

Gostecnik argues that the court abused its discretion by making these findings in the absence of proof to establish each fact. Conversely, the bank contends that the findings are matters of record from a closely related proceeding in the same court and are, therefore, properly based on judicial notice of those facts.

▋ We agree with Victoria Bank's contention that a court may take judicial notice of its own records in a case involving the same subject matter between the same, or practically the same, parties. *Escamilla v.*

*Estate of Escamilla,* 921 S.W.2d 723, 726 (Tex.App.—Corpus Christi 1996, writ denied); *see also Texas Real Estate Comm'n v. Nagle,* 767 S.W.2d 691, 694 (Tex.1989). Specifically, the court may take notice of the bank's authority to act in a representative capacity and as executor of Myrtle York's estate. *See Fajkus v. First Nat'l Bank,* 735 S.W.2d 882, 887 (Tex.App.—Austin 1987, writ denied). Moreover, the trial court can take judicial notice in the absence of a request from a party, TEX.R. CIV. EVID. 201(c), and may be presumed to have taken notice of its own files. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Lacy v. First Nat'l Bank,* 809 S.W.2d 362, 367 (Tex.App.—Beaumont 1991, no writ).

▋ In the interest of judicial economy, a party need not offer evidence to prove to the trial court what is contained in the court's own file. *See Klein v. Dimock,* 705 S.W.2d 408, 410–11 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *cf. McCurry v. Aetna Casualty & Sur. Co.,* 742 S.W.2d 863, 867–68 (Tex.App.—Corpus Christi 1987, writ denied) (discussing court's authority to take notice of documents in file even where not attached to motion for summary judgment). The findings in this case all involve the type of information that is likely to be contained in the documents referenced on the trial court's docket sheets. Nevertheless, the record before us does not include a copy of the trial court's file. Accordingly, we cannot determine whether the trial court's findings of fact are properly based on judicial notice of the court's file. This omission from the appellate record does not prevent us from considering the legal issues raised by Victoria Bank, but we will be unable to fully address Gostecnik's cross-points.

Because Gostecnik is the party seeking review of the trial court's findings of fact, it was Gostecnik's burden to see that the record was sufficient to show the alleged error. TEX.R.APP. P. 50(d). Accordingly, we overrule both of Gostecnik's cross-points challenging the trial court's findings of fact.

1. The first of these findings encompasses both factual and legal issues, but Gostecnik challenges only the evidentiary basis for the fact determination.

We hold that Myrtle York's interest in Charles York's estate and heirship proceeding did not expire with her death and that her estate includes a property interest in the estate of Charles York. Accordingly, we REVERSE the trial court's order striking Myrtle York's pleadings and dismissing the bank from the heirship proceeding, and we REMAND for further proceedings consistent with this opinion.