**Deny and Opinion Filed this 13th day of June, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00696-CV

## IN RE ERNEST K. BANKAS, Relator

**Original Proceeding from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-1347**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

This petition was filed in the form of a letter to the Court in relator's appeal[1] of an order of criminal contempt for failure to pay child support as ordered by the trial court in conjunction with his divorce. Although relator appealed the order of criminal contempt[2], relator never appealed the judgment rendered in the divorce and it is now beyond the period for a restricted appeal or bill of review with regard to the judgment in the divorce.[3]

We treat relator's letter as a pro se petition for writ of habeas corpus. The letter does not include a supporting record or appropriate certifications, but the clerk's record was filed in the appeal in Cause No. 14-00594-CV and we take judicial notice of the record. *In re Estate of York*,

---

[1] Cause No. 14-00594-CV, *Ernest Bankas v. Maureen Bankas*

[2] Counsel for relator voluntarily dismissed that appeal.

[3] Relator contends that the trial court's order of contempt is improper because he was never served in the divorce. The divorce decree in the clerk's record recites relator was served by substitute service and was represented by an ad litem at the hearing on entry of the decree. A divorce judgment, unappealed, and regular on its face, is not subject to a collateral attack in a subsequent suit. *Hardin v. Hardin*, 597 S.W.2d 347, 350 (Tex. 1980). The recitations of the judgment control the rest of the record, and extrinsic evidence cannot be used to establish a lack of jurisdiction. *Narvaez v.. Maldonado,* 127 S.W.3d 313, 317 (Tex. App.—Austin 2004, no pet.).

934 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1996, writ denied) ("[A] court may take judicial notice of its own records in a case involving the same subject matter between the same, or practically the same, parties."). The petition is, however, nonetheless defective as a petition for writ of habeas corpus because it is not in a format that complies with the rules of appellate procedure. It is not certified as required by the Texas Rules of Appellate Procedure. TEX. R. APP. P. 52.3(j). The rule 52.3(j) certification must include the statement that the person filing the petition "has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). In addition, it lacks proof that relator is being restrained as required by rule 52.3(k)(1)(D). TEX. R. APP. P. 52.3(j). Without a proper record to show that he is restrained, a petitioner is not entitled to habeas corpus relief. *In re Kuster*, 363 S.W.3d 287, 293 (Tex. App.—Amarillo 2012, no pet.).

On the record before the Court, relator has not established that he is entitled to relief and, accordingly, we **DENY** the petition for writ of habeas corpus. TEX. R. APP. P. 52.8.



/Lana Myers/
LANA MYERS

140696F.P05                                        JUSTICE

–2–