

# NUMBER 13-20-00539-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF THE MARRIAGE OF ZINA BURKETT AND JASON A. BURKETT AND IN THE INTEREST OF S.R.B., A MINOR CHILD

### On appeal from the 430th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Contreras and Justices Longoria and Tijerina Memorandum Opinion on Rehearing by Chief Justice Contreras**

We handed down our memorandum opinion and judgment in this cause on November 17, 2022. Appellant Jason A. Burkett filed a motion for rehearing on December 2, 2022, and appellee Zina Burkett filed a response to the motion pursuant to our request. We hereby grant Jason's motion for rehearing in part. We withdraw our memorandum opinion and judgment of November 17, 2022, and substitute the following memorandum opinion and accompanying judgment in their place.

This appeal concerns an amended order enforcing a final decree of divorce and settlement agreement between Jason and Zina. By five issues, Jason argues the trial court erred by: (1) failing to render an order confirming child support arrearages which have accrued since 2018; (2) entering two separate child support arrearage judgments; (3 and 4) materially altering a previous order despite the expiration of its plenary power; and (5) denying him his right to a jury trial. We affirm.

## I. BACKGROUND

### A. Motions for Enforcement of Divorce Decree

The parties were married in 1996 and divorced in 2011. The divorce decree incorporated an "Agreement Incident to Divorce" (AID) signed by the parties, which obligated Jason to pay Zina: (1) $860,000 to equalize the just and right division of property; (2) half of the net proceeds from the eventual sale of Jason's dental practice; and (3) $8,000 per month in alimony for thirty-six months, beginning after the closing of the sale of the parties' residence. The decree additionally required Jason to pay Zina monthly child support and medical expenses for the parties' two children.

In 2015, Zina moved to enforce the decree, and the parties reached a mediated settlement agreement (MSA) which stated in part that Jason would pay Zina: (1) "the sum of $760,000.00 incurring 4 ½ percent interest on any unpaid balance in child support arrearage until paid in full"; (2) $125,000 in alimony, paid at the rate of $1,000 per month; and (3) $140.84 per month in children's health insurance expenses until the younger child emancipates. The MSA set forth a schedule of escalating monthly payments and provided that the payments were intended to "satisf[y]" Jason's "[a]limony, [child support] [a]rrearage and [p]roperty [d]ivision [a]rrearage" obligations.

2

On August 31, 2016, the trial court rendered an order incorporating the terms of the MSA, including the payment schedule (the 2016 Order). The 2016 Order further stated that Zina "is granted a cumulative judgment for child support arrearages, including accrued interest, against [Jason] of $760,000.00." Neither party appealed the 2016 Order.

Zina filed another motion for enforcement on March 3, 2017, arguing that Jason failed to: (1) make complete, timely payments under the MSA for the months of November 2016 through February 2017; (2) make any payments for the months of July through October 2016 and March 2017; and (3) pay to Zina half of the net proceeds arising from the sale of the dental practice. She later filed an amended motion additionally alleging that Jason failed to make complete, timely payments from March 2017 to January 2018. Zina asked the trial court to confirm the arrearages again and to hold Jason in contempt. In response, Jason argued in part that the 2016 Order is void and unenforceable because it altered the terms of the 2015 MSA. He also argued that the 2016 Order "make[s] the incredible finding that the child support arrearages is $740,000 [sic]" even though the amount of child support ordered since the beginning of the case was only $130,000.

B.    **2018 Order and First Appeal**

On June 19, 2018, the trial court rendered an "Order Holding [Jason] in Contempt, Granting Judgment and Suspending Commitment" (the 2018 Order) providing in relevant part:

16.    The Court finds [Jason] in civil contempt of court for the below stated months. The Court finds that [Jason] was delinquent in failing to timely make the child support payments on the following dates: [July 2016, August 2016, October 2016, March 2017, May 2017, and September 2017]

. . . .

30.    The court finds that as of March 1, 2018 [Jason] has paid more than

3

the total amount of child support as ordered in the Final Decree of Divorce and that the amount of child support arrearages owed by [Jason] to [Zina] is Zero Dollars ($0.00)

31.     The Court finds that the balance of $18,769.55 that [Jason] has paid has been credited to the judgment for breach of contract for unpaid property division and unpaid contractual alimony as set forth below.

. . . .

40.     The Court finds that [Zina] should have judgment and recover from Jason Burkett the amount of $1,144,153.48, as set forth below:

    a.      $657,325.29 from her claims for breach of contract for the unpaid property division and unpaid contractual alimony; and;

    b.      $479,327.99 for her claim for breach of contract under the [AID], from the ½ net proceeds from the sale of the dental practice.

41.     In accordance with Section 157.264 of the Texas Family Code, beginning the 1st day of the month following the date of this Judgment, [Jason] is ordered to make periodic payments on this Judgment in the amount of $2,500 per month through May 2019, increasing to $4,000 per month in June 2019 until such Judgment is paid in full. Except for the $140.84 in medical support that [Jason] is still required to pay, [Jason] is no longer required to pay the $7,500 monthly payment for child support arrearage or the $1,000 monthly payment for contractual alimony set forth in the [2016 Order].

Both parties perfected appeals from the 2018 Order. In 2019, this Court concluded that the 2016 Order was not void and could not be collaterally attacked because neither party appealed it and the trial court's plenary power over it expired. *Burkett v. Burkett*, No. 13-18-00385-CV, 2019 WL 3331635, at *6–7 (Tex. App.—Corpus Christi–Edinburg Jul. 25, 2019, pet. denied) (mem. op.).[1] Therefore, we found that the 2018 Order was erroneous to the extent it "materially altered" the "substantive adjudicative portions" of the 2016 Order. *Id.* at *7. In accordance with that finding, we reversed several portions of the

---

[1] We take judicial notice of the record documents filed in the earlier appeal. *See* TEX. R. EVID. 201; *Estate of York*, 934 S.W.2d 848, 851 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied).

2018 Order, including each of the paragraphs set forth above. *See id.* at *8–9. We instructed the trial court on remand "to calculate the amount of arrearages based upon the payment schedule set forth in the 2016 Order, and to confirm those arrearages." *Id.* at *13. We further directed the trial court to formulate a new payment schedule on remand which

> must require that Jason pay to Zina: (1) the $760,000 lump sum, representing (a) child support and interest due up until July 1, 2016, and (b) property division equalization; (2) 4.5% annual interest on the $760,000 lump sum from July 1, 2016 until paid in full; (3) $125,000 in alimony; (4) $30,000, representing child support arrearages from July 2016 to February 2018; (5) $2,675.96, representing medical support due from July 2016 to February 2018; (6) interest on the unpaid child support and medical support amounts due from July 2016 to February 2018; and (7) any currently-due child support and medical support owed but unpaid for the months since February 2018, along with interest.

*Id.* at *9. After the Texas Supreme Court denied Jason's petition for review, our mandate was issued on March 19, 2020. *See* TEX. R. APP. P. 18.1(a)(1).

### C.    Proceedings on Remand

On July 29, 2019, Zina filed a "Motion to Render Amended Enforcement Order" asking the trial court to render a new judgment in accordance with our opinion. The motion included a proposed order and a spreadsheet detailing the amounts owed and paid by Jason for the nineteen-month period between July 2016 and January 2018. The motion alleged that, "as of the last payment Jason made in January 2018, the balance owed on the child support arrearage judgment is $708,046.46 and unpaid accrued interest is $51,701.60."

After a hearing on September 22, 2020, the trial court rendered an "Amended Order Holding [Jason] in Contempt, Granting Judgment and Suspending Commitment" (the 2020 order) containing the following changes from the 2018 Order:

5

16.     The Court finds [Jason] in civil contempt of court for the below stated months. The Court finds that [Jason] was delinquent in failing to timely make the child support payments on the following dates: [July 2016 through March 2017, May 2017, June 2017, August 2017 through January 2018].

. . . .

31.     . . . The Court finds that [Jason] has failed to pay to [Zina] unconfirmed and previously confirmed child support arrearages as ordered. During the 19-month period from July 2016 to January 2018 [Jason] should have paid [Zina] $30,000.00 in child support, $115,500.00 in child support arrearages, $2,675.96 in medical support and $51,701.60 in accrued interest at a 4.5% interest rate[], for a grand total of $199,877.56. . . . Those orders were clear, specific and set forth in unambiguous terms so that [Jason] knew what duties and obligations were imposed on him. In the 19-month period described above, [Jason] paid $84,629.50 . . . . After applying those payments in accordance with the order of priority set forth in section 157.268 of the Family Code, this Court concludes that during the 19-month period from July 2016 through January 2018, [Jason] was delinquent in the aggregate amount of $115,248.06 ($199,877.56 – $84,629.50 = $115,248.06) and in contempt of Court in 17 out of 19 months. Therefore, in order to be in compliance with the Final Decree and [2016 Order] as of January 31, 2018, [Jason] needs to pay [Zina] the amount of $115,248.06. In accordance with section 157.264(b) of the Family Code, beginning on 1st day of the month following the date of this Judgment, [Jason] is ordered to make monthly payments to [Zina] in the amount of $4,802.00 in 24 equal installments to pay this $115,248.06 delinquency. The 24-month installment period is as prescribed by section 158.004 of the Family Code.

. . . .

40.     . . . After applying [Jason]'s payments from July 1, 2016 through January 24, 2018 in the order of priority set forth in section 157.268 of the Family Code . . . , in accordance with section 157.263 of the Family Code the Court renders one cumulative money judgment in the amount of $759,748.06 as of January 24, 2018. This cumulative judgment consists of (a) $708,046.46, which is the balance of child support arrearages previously confirmed on August 31, 2016 in the [2016 Order], and (b) $51,701.60 in accrued interest through January 24, 2018. Accrued interest is part of the child support obligation and may be enforced by any means provided for the collection of child support. TEX. FAM. CODE § 157.267.

6

41. [Jason] shall continue paying child support in accordance with the Final Decree, and medical support in accordance with the [2016 Order].[2] Interest shall accrue at 6% on unpaid child and medical support in accordance with section 157.265 of the Family Code. In addition, as previously ordered in the [2016 Order], [Jason] shall continue making monthly payments to [Zina] of $7,500 until the cumulative child support arrearages judgment described herein, plus accrued interest, and the contractual alimony judgment described in the [2016 Order], are paid in full. If [Jason] makes such monthly payments on time and in full or in excess of $7,500, the first $1,000 of the payment shall be applied to the balance of the contractual alimony judgment and the remainder in accordance with section 157.268 of the Family Code. If [Jason] does not make such monthly payment in full in a given month, the entire payment shall be applied in accordance with section 157.268 of the Family Code. In addition to the $7,500 monthly payment, [Jason] is ordered to make monthly payments to [Zina] in the amount of $4,802.00 as described in paragraph 31 of this Judgment. The amounts ordered herein shall be subject to withholding in accordance with Chapter 158 of the Family Code. In addition, as previously ordered in the [2016 Order], interest shall continue to accrue at 4.5% on any unpaid balance on the child support arrearage judgment until it is paid in full.

Jason filed a "Motion to Modify Amount of Monthly Child Support Arrearages Payments" on October 6, 2020, and a motion to reconsider on October 8, 2020. After another hearing on December 2, 2020, the trial court granted the motion to reconsider in part and modified the September 22 order to: (1) state that "Jason paid $84,645.51" instead of "Jason paid $84,629.50" in paragraph 31; and (2) delete the part of paragraph 41 stating that "[i]nterest shall accrue at 6% on unpaid child and medical support in accordance with section 157.265 of the Family Code."

This appeal followed.

---

[2] According to the record, the parties' elder child emancipated in May 2017 and their younger child emancipated in May 2019. Therefore, pursuant to the decree, child support was not due for the respective children after those dates.

7

## II. DISCUSSION

### A. Arrearages Since February 2018

By his first issue on appeal, Jason contends the trial court erred by failing to: (1) determine and confirm child support arrearages since February 1, 2018; (2) hold an evidentiary hearing on this issue; and (3) render a single judgment for cumulative arrearages from July 1, 2016, to "the present." He argues that these failures violated the directive in our 2019 opinion that the trial court must formulate a new payment schedule which includes "any currently-due child support and medical support owed but unpaid for the months since February 2018, along with interest." *Burkett*, 2019 WL 3331635, at *9.[3] By his fifth issue, Jason contends the trial court violated his due process rights by failing to hold a jury trial or evidentiary hearing on this issue.

When an appellate court reverses a lower court's judgment and remands the case to the trial court, the trial court is authorized to take all actions that are necessary to give full effect to the appellate court's judgment and mandate. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013); *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam). However, the trial court "has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Seger v. Yorkshire Ins.*, 503 S.W.3d 388, 408 (Tex. 2016) (quoting *Phillips*, 407 S.W.3d at 234). "The scope of the mandate is determined with reference to both the appellate court's opinion and the

---

[3] We previously denied a petition for writ of mandamus filed by Jason raising this same point. *See In re Burkett*, No. 13-20-00417-CV, 2020 WL 6343337, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 28, 2020, orig. proceeding) (mem. op.) (holding that Jason failed to meet his burden to obtain mandamus relief in connection with his argument that the trial court "failed in its ministerial duty to conduct an evidentiary hearing to determine child support arrearages in violation of this Court's mandate").

mandate itself." *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.). When the appellate court remands a case with instructions, the trial court is given a reasonable amount of discretion to comply with the mandate. *Russell v. Russell*, 478 S.W.3d 36, 42 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

We cannot conclude the trial court abused its discretion or violated our mandate by failing to address post-February-2018 arrearages in the 2020 Order. *See id.* As Zina's counsel noted at the hearing on the motion to reconsider, her live motion to enforce did not seek a judgment confirming arrearages subsequent to February 2018. Indeed, the record contains no pleadings requesting a judgment confirming any such arrearages after that date, and the record does not reflect that the issue was tried by consent.[4] Accordingly, notwithstanding our 2019 opinion, the trial court would have erred had it heard evidence or ruled on this issue in the 2020 Order. *See* TEX. R. CIV. P. 301 ("The judgment of the court shall conform to the pleadings."); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) ("[A] plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent.").[5] Jason's first and fifth issues are overruled.

---

[4] In connection with his fifth issue, Jason states in his brief that, in response to our mandate in the first appeal, he filed a counterclaim on April 2, 2020, asking the trial court "to determine and confirm the child support arrearages after 1/24/18 (including all offsets)" and "to determine and enter one cumulative child support arrearages judgment from 7/1/16 through the present." The record does not contain any counterclaim filed on April 2, 2020, but it does contain a "First Amended Counterclaim" filed on October 5, 2020, after the 2020 Order was signed. The First Amended Counterclaim requests an offset under family code § 157.263 for payments Jason made directly to Zina and on behalf of the children "from 2/1/10 through the date of the hearing," and it requests a jury trial on the issue. *See* TEX. FAM. CODE ANN. § 157.263(b-3) ("In rendering a money judgment under this section, the court may not reduce or modify the amount of child support, medical support, or dental support arrearages but, in confirming the amount of arrearages, may allow a counterclaim or offset as provided by this title."). But because Zina never filed a pleading seeking a judgment confirming arrearages after February 2018, Jason was not entitled to any offset on that amount.

[5] We note that Zina is not precluded from filing a pleading in the future seeking confirmation of arrearages after February 2018, and in that situation, Jason would not be precluded from seeking an offset for amounts he paid since that date. *See id.*

**B. Multiple Arrearages Judgments**

By his second issue, Jason contends the trial court violated the family code "when it entered two separate cumulative child support arrearages judgments and two separate child support arrearages monthly payments." *See* TEX. FAM. CODE ANN. § 157.263(a) ("If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment.")[6]; *In re Dryden*, 52 S.W.3d 257, 263 (Tex. App.—Corpus Christi–Edinburg 2001, orig. proceeding) (noting that § 157.263(a) "imposes an affirmative, mandatory duty on the trial court to reduce a child support arrearage to a money judgment upon request"); *see also Chenault v. Banks*, 296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (observing that in a proceeding to determine child support arrearages, "the trial court has no discretion to forgive or decrease a past child support obligation" but instead "acts as a mere scrivener in mechanically tallying up the amount of arrearage"). Quoting paragraphs 31, 40, and 41 of the 2020 Order, Jason argues that neither a "child support delinquency order" nor "two monthly payments of child support arrearages" are authorized by our 2019 opinion or the family code. In response, Zina argues "there is only one child support arrearage judgment and it is contained in paragraph 40."

Paragraph 31 states that "in order to be in compliance with the Final Decree and [2016 Order] as of January 31, 2018, [Jason] needs to pay [Zina] the amount of $115,248.06," representing amounts due but unpaid for the nineteenth-month period from

---

[6] Since the rendition of the 2020 Order, the statute has been amended to explicitly allow multiple "cumulative money judgments" for arrearages—one for child support, one for medical support, and one for dental support. *See* Act of May 29, 2021, 87th Leg., R.S., ch. 552, § 8, 2021 Tex. Sess. Law. Serv. ch. 552 (S.B. 286). However, the amendment applies only to judgments rendered on or after September 1, 2021. *See id.* §§ 17, 20. For ease of reference, we cite the version of the statute applicable to this case.

July 2016 to January 2018. Paragraph 31 directs Jason to "pay this . . . delinquency" in twenty-four monthly installments of $4,802. Paragraph 40 then states "the Court renders one cumulative money judgment in the amount of $759,748.06 as of January 24, 2018" which represents "the balance of child support arrearages previously confirmed on August 31, 2016 in the [2016 Order]" plus interest as of January 24, 2018. Paragraph 41 states that Jason "shall continue making monthly payments to [Zina] of $7,500 until the cumulative child support arrearages judgment described herein, plus accrued interest, and the contractual alimony judgment described in the [2016 Order], are paid in full." In addition to the $7,500 monthly payment, paragraph 41 orders Jason to make monthly $4,802 payments to Zina "as described in paragraph 31."

We agree with Zina that the 2020 Order does not contravene the applicable family code provision because it does not contain more than "one cumulative money judgment" for arrearages. *See* TEX. FAM. CODE ANN. § 157.263(a). The only cumulative money judgment set forth in the 2020 Order is contained in paragraph 40. The amount of that judgment—$759,748.06—represents the total child support owed by Jason as of January 24, 2018. The "delinquency" amount set forth in paragraph 31 represents only child support which was owed but unpaid from July 2016 to January 2018, and is therefore already included in the cumulative money judgment contained in paragraph 40.

Jason further argues that the imposition of two separate monthly payments is unauthorized by family code § 157.264, which states in part that, in a child support enforcement suit, "[t]he court shall render an order requiring that the obligor make periodic payments on the judgment, including by income withholding under Chapter 158 if the obligor is subject to income withholding." *Id.* § 157.264(b). Jason does not cite any

11

authority, and we find none, establishing that the trial court may only order a *single* monthly periodic payment for the repayment of child support arrearages.

As Zina notes on appeal, the combined effect of paragraphs 31, 40, and 41 is that Jason must pay $12,302 per month for twenty-four months (per paragraphs 31 and 41) and $7,500 per month after that point (per paragraph 41 only) until the entire judgment is paid in full. Jason's obligations are clear, and we see no need to modify the judgment in this regard. We overrule Jason's second issue.

## C.      Material Alterations of 2018 Order

By his third issue, Jason contends that the twenty-four-month payment obligation set forth in paragraph 31 of the 2020 Order is erroneous because it impermissibly altered substantive adjudicative portions of the 2018 Order after plenary power expired.

As we explained in 2019, a trial court has inherent power to enforce its judgment "[b]ut, after its plenary power over a judgment expires, the trial court may not issue an order that is inconsistent with the judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment." *Burkett*, 2019 WL 3331635, at *7 (quoting *Riggins v. Hill*, 461 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2015, pet. denied)). Generally, a court's plenary power over a judgment lasts for thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(d).

Jason argues that, though Zina's live motion for enforcement asked the court to "find the amount of delinquency from 7/1/16 to 1/24/18," the court "denied that request" in 2018 and "Zina did not appeal that portion of the [2018 Order], so that denial of relief became a final order and any attempt to modify that order is void, as it is beyond the plenary jurisdiction of the trial court." We disagree. Zina's first issue in her 2018 appeal

12

argued that the 2018 Order was void to the extent that it materially altered the 2016 Order, which was based on the MSA. *See Burkett*, 2019 WL 3331635, at *6. She specifically contended that, as a result of the court's alterations, she received $115,500 less than she was entitled to under the MSA between July 2016 and January 2018. *Id.* We agreed with her and reversed each portion of the 2018 Order which concerned payments made by Jason during that time period, including paragraphs 25, 30, and 31. *See id.* at *13. We instructed the court to recalculate Jason's arrearages on remand "based upon the payment schedule set forth in the 2016 Order." *Id.* Because we reversed the trial court's judgment on this issue, it remained pending on remand, and the trial court retained plenary power over it.[7] *See id.*

Jason additionally argues that the twenty-four-month payment obligation set forth in paragraph 31 of the 2020 Order is erroneous because it was supported by legally and factually insufficient evidence. He cites various provisions in chapter 158 of the family code, which governs how an obligor's income is to be withheld in order to satisfy child support arrearages. *See* TEX. FAM. CODE ANN. § 158.005 ("In rendering a cumulative judgment for arrearages, the court shall order that a reasonable amount of income be withheld from the disposable earnings of the obligor to be applied toward the satisfaction of the judgment."); *id.* § 158.007 ("If the court . . . finds that the schedule for discharging arrearages would cause the obligor . . . to suffer unreasonable hardship, the court or agency may extend the payment period for a reasonable length of time."); *id.* § 158.009 ("An order or writ of withholding shall direct that any employer of the obligor withhold from

---

[7] Jason also argues by his third issue that paragraph 31 of the 2020 Order is erroneous because it violates family code §§ 157.263 and 157.264. *See* TEX. FAM. CODE ANN. §§ 157.263, 157.264. His argument in this regard is identical to the argument he made as to his first issue, which we have already addressed. We need not address it again. *See* TEX. R. APP. P. 47.1.

the obligor's disposable earnings the amount specified up to a maximum amount of 50 percent of the obligor's disposable earnings."). However, Jason does not explain how the application of any of these provisions would alter his obligations in this case.[8] *See* TEX. R. APP. P. 38.1(i).

In any event, Jason has failed to produce an appellate record sufficient to allow us to address the merits of this argument. According to a docket sheet in the record, the trial court held a hearing on Zina's "Motion to Render Amended Enforcement Order" on September 22, 2020. However, no reporter's record of such hearing appears in the record.[9] Moreover, there is nothing in the record indicating that Jason filed, along with his request for the reporter's record, a statement of the points or issues he intended to present on appeal. *See* TEX. R. APP. P. 34.6(c)(1). Under these circumstances, we must presume the missing record supports the trial court's decision. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) (noting that, "absent a complete record on appeal, [the appellate court] must presume the omitted items supported the trial court's judgment"); *see also* TEX. R. APP. P. 34.6(c)(4) ("The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues."). We overrule Jason's third issue.

## C. Material Alteration of 2016 Order

By his fourth issue, Jason contends that paragraph 41 of the 2020 Order

---

[8] We observe that the 2018 Order stated Jason earned salary and wages of between $15,000 and $20,000 in January 2017, and $22,000 per month from February to August 2017 and mid-October 2017 to January 2018. Jason did not dispute these findings in the earlier appeal, nor does he dispute them in this appeal.

[9] In his letter to the court reporter regarding preparation of the record for appeal, Jason did not request a transcript of the September 22, 2020 hearing; instead, he requested only a transcript of the December 2, 2020 hearing on his motion to modify and reconsider.

impermissibly altered the 2016 Order regarding the manner in which his $7,500 payments are to be applied. The 2016 Order stated in relevant part:

> IT IS ORDERED THAT [Jason] SHALL pay [Zina] the sum of Seven hundred and sixty thousand [dollars] ($760,000.00) at 4 ½ % percent [sic] interest on any unpaid balance on child support arrearage until paid in full as follows:
>
> a.     $5,500.00 commencing July 1, 2016 thru Decem[]ber 1, 2016
>
> b.     $6,000.00 from January 1, 2017[ ]thru June 1, 2017
>
> c.     $6,500.00 from July 1, 2017 thru December 31, 2017
>
> d.     $7,500.00 from January 1, 2018 until paid in full
>
> Special Provision: $1[,]000.00 dollars of each of these payments that are made in full shall be credited towards the contractual alimony payment.
>
> . . . .
>
> Contractual Alimony in the amount of $125,000.00 [] shall be paid at the rate of $1[,]000.00 per month commencing July 1, 2016 and the 1st of each month thereafter at (0) percent interest until paid in full. Said payment is incorporated in the payment schedule above in the judgment language.

On the other hand, paragraph 41 of the 2020 Order states: "If [Jason] makes such monthly payments on time and in full or in excess of $7,500, the first $1,000 of the payment shall be applied to the balance of the contractual alimony judgment and the remainder in accordance with section 157.268 of the Family Code." Jason argues:

> Although the [2016] Order could have been drafted more clearly, it should be evident that the child support arrearages payment does not state that the first $1,000.00 of each payment are to be allocated first to the contractual alimony payment and then the child support arrearages. This constitutes is a [sic] material change of the [2016] Order.

We perceive no material difference between the two orders regarding application of payments. Both orders require $1,000 of each $7,500 payment to be allocated to Jason's alimony obligation, as long as each payment is in full. Under both orders, if a $7,500 monthly payment is not made in full, then no amount of the payment will be

15

allocated to satisfy the alimony obligation. *See* TEX. FAM. CODE ANN. § 157.268 (setting forth an "order of priority" for application of child support payments, but not listing alimony). The 2020 Order did not impermissibly alter the 2016 Order in the manner suggested. Jason's fourth issue is overruled.

**D.      Motion to Strike Brief and Motion for Damages**

In her responsive brief, Zina asks this Court to strike Jason's initial brief for failure to comply with Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1. She also asks us to award damages to her under Texas Rule of Appellate Procedure 45 on the basis that the appeal is frivolous. *See* TEX. R. APP. P. 45.

Although Jason's brief is repetitive and provides scant analysis applying the cited authorities to the facts of the case, it does cite pertinent authority and the record, and it is sufficient to enable us to decide the case. *See* TEX. R. APP. P. 38.9 ("Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with [Rule 38] is sufficient."). We therefore cannot conclude that the brief should be struck or that the appeal is frivolous. Accordingly, Zina's motion to strike and motion for damages are denied.

### III.      CONCLUSION

The judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
26th day of January, 2023.

16